**A. J. SUSTALA, Appellant,**

**v.**

**NORTH SIDE READY–MIX CONCRETE COMPANY, Appellee.**

No. 13283.

Court of Civil Appeals of Texas.
Houston.

Oct. 16, 1958.

J. Leonard Gotsdiner, Leonard Z. Finger, Houston, for appellant.

Spiner, Pritchard & Thompson, Clark G. Thompson, Houston, for appellee.

WERLEIN, Justice.

This suit on sworn account was brought by appellee, North Side Ready-Mix Concrete Company, against A. J. Sustala, appellant, to recover an alleged balance due appellee for concrete and building materials. In its first amended original petition, filed November 20, 1957, appellee claimed the amount due was $1,395.18. Appellant answered by a sworn denial of the account in its entirety and by a sworn plea of payment, alleging specially that the account was paid in full by the assignment to appellee of three promissory notes of third parties, and the liens securing the same, together with the execution of a certain instrument in which appellee agreed that said assignment constituted payment in full of appellee's claim. The case was tried to the court without a jury, and judgment was rendered in favor of appellee "for its debt upon account in the sum of $1,395.18" together with interest and attorney's fees in

the sum of $350. From such judgment appellant has perfected his appeal.

It is undisputed that on or about January 7, 1957, appellant and appellee entered into a written contract consisting of said instrument acknowledging payment and an assignment from appellant to appellee of three promissory notes together with the liens securing the same. The assignment with reference to the Ybarra note, with which we are primarily concerned, contained the following statement: " * * * and I do further represent, agree and covenant that there is a balance owing upon such note of One Thousand Fifty One and 94/100 Dollars ($1,051.94) as of January 5, 1957." The assignment provided that the notes were assigned without recourse on appellant, and further provided that appellee was authorized to collect the same at its own cost and expense. As a part of the same contract and transaction appellee executed said written instrument expressly agreeing that such assignment constituted payment of the full amount of the indebtedness owing appellee. Said contract was never rescinded and the Ybarra note was never reassigned to appellant.

At the commencement of the trial the parties stipulated before the court (as shown by the statement of facts) that defendant (appellant) had ordered and received from plaintiff (appellee) the materials shown in appellee's first amended original petition, agreeing thereby to pay $1,-395.18 for such materials. Further, that such sum was due and owing to appellee, unless the same had been paid by the transfer of three secured promissory notes, together with the liens securing same, to wit: (1) the Ramirez note, on which appellant covenanted there was a balance owing at the time of transfer of $575; (2) the Bible note, on which appellant covenanted there was a balance owing at the time of transfer of $450; and (3) the Ybarra note, on which appellant covenanted there was a balance owing at the time of transfer of $1,051.94. The parties thereupon proceeded to trial upon the issue of whether appellee's account had been paid by such transfer.

The assignment of the notes from appellant to appellee, and the instrument executed by appellee as a part of the same contract and transaction, were admitted in evidence without objection by appellee. Said instrument contains the following statement:

"North Side Ready-Mix Concrete Company, a corporation duly authorized and existing under the laws of the state of Texas, does hereby agree that the assignment of promissory notes executed by Kenneth Brown Bible and wife, Nancy Jane Bible, Edward Silva Ramirez and wife, Angeline Bernal Ramirez, and Rosa Alva Ybarra, together with the assignment of the deed of trust securing the payment of each of such notes, constitutes the payment of the full amount of the indebtedness owing to North Side Ready-Mix Concrete Company by A. J. Sustala, as reflected on the books of North Side Ready-Mix Concrete Company, together with statements mailed to A. J. Sustala."

At the trial appellee called as its first witness Mrs. Rosa Alva Ybarra, the maker of the Ybarra note, who was permitted by the court to testify, over the objection of appellant, that in January, 1957, she did not owe the sum of $1,051.94 upon her note, but that such note was almost entirely paid. She produced 105 checks in the sum of $50 each, together with additional receipts and cancelled checks showing that there was only some $200 left due and owing upon her note. The appellant objected to such evidence on the ground that it was an attempt to vary, alter or contradict the terms of a written instrument, that the Ybarra note was assigned by appellant to appellee without recourse, and on the further ground that such evidence was not raised by the pleadings. The court overruled appellant's objection and admitted the evidence. Appellee then proved up its attorney's fees and rested.

The question for our determination is whether the trial court erred in permitting Mrs. Ybarra to testify relative to the balance unpaid on her note. Appellant contends there was no pleading that permitted such proof. Appellant had pleaded payment of the account by sworn plea and also by pleading the aforesaid assignment and the instrument executed contemporaneously therewith. Appellee filed no supplemental petition and pled nothing in avoidance of appellant's sworn plea of payment.

■ There can be no question that the notes of third persons may by agreement be received in payment of an indebtedness. As stated in 40 Amer.Jur., Payment, par. 102, p. 787,

"It is firmly established that the note of a third person may, by agreement, be received in payment. Thus the acceptance of a note of a third person unconditionally, and with the agreement that it shall be in full satisfaction of the amount due on previous notes held by the creditor, operates as payment, even though the old notes are not surrendered or canceled. In such case, the original contract is satisfied, and the party receiving the note must take his remedy thereon. Whether the taking of the notes of a third person by a creditor is intended as absolute payment of the debt or as collateral security merely is a question of fact dependent on whether an actual agreement to that effect is made by the parties."

In the present case there is an express written contract which provides that the assignment constitutes payment in full of the debt. The assignment was not given as collateral security. The contract is clear and unambiguous. See Ralston v. Aultman, Miller & Company, Tex.Civ.App., 26 S.W. 746, 747, no writ history, where it is stated:

"If a creditor accepts from his debtor the note of a third party, with the understanding that it shall be in satis-

faction of the latter debt, we see nothing to prevent this from being a legal contract, whether this be expressly stipulated or not."

See also 32 Tex.Jur., Payment, Sec. 23, p. 666.

Appellee contends that the appellant failed to prove payment since the assignment and instrument in question, read together, contain a covenant, agreement and representation that the amounts stated were unpaid on the notes assigned, and hence it was up to appellant to prove that those amounts were actually owing. Appellee further contends that the agreement that the assignment of said notes should constitute payment was conditioned upon the amounts stated to be unpaid on said notes, and that since the amount stated to be owing on the Ybarra note was not in fact unpaid and owing, there was no compliance with the condition, and hence no more than a conditional payment at best.

Appellant counters with the argument that he did prove payment by introducing in evidence, without objection by appellee, the assignment of the three promissory notes and the instrument executed by appellee stipulating that such assignment constituted payment of the full amount of the indebtedness owing and that therefore it devolved upon appellee, if it desired to rely on any affirmative matter in avoidance of appellee's defense of payment, to allege the same in a supplemental petition.

Rule 82, Texas Rules of Civil Procedure, furnished appellee with a general denial of appellant's plea of payment. Under such general denial appellee might negate that the assignment and instrument in question constituted payment as alleged by appellant in his sworn pleading. It could not, however, prove matters in confession and avoidance of appellant's defense of payment without some pleading that would put appellant upon notice thereof.

Rule 80, T.R.C.P., provides that the plaintiff's supplemental petitions may con-

tain special exceptions, general denials, and the allegations of new matter not before alleged by him, in reply to those which have been alleged by the defendant. In the instant case, the plaintiff (appellee) filed no supplemental petition and failed to allege any new matter in reply to the defense of payment pleaded by the appellant. As stated by Judge Robert W. Stayton in his address before the Dallas Bar Association on October 4, 1941, after the effective date of the Texas Rules of Civil Procedure, "The Texas supplemental pleading is as before; the plaintiff may employ special exceptions, is deemed to have denied the affirmative allegations of the defendant, must specially plead all affirmative matter, and must use the equivalent of an answer in response to affirmative claims on defendant's part."

We are of the opinion that the burden was not upon the appellant to prove that the unpaid balances were as stated in the assignment, but on appellee to plead any affirmative matter it relied upon in avoidance of the sworn plea of payment and the instrument which prima facie showed payment in full of the indebtedness. For example, appellee might have pleaded and possibly have shown that there was a failure of consideration at least in part, or that there was a false representation that was relied upon, or that the agreement was conditioned upon the balances unpaid on the notes being as stated in the assignment, or some other affirmative matter that might constitute an avoidance of the plea and proof of payment. This the appellee did not do.

Said instrument executed by appellee on January 7, 1957, contained appellee's unequivocal statement and extra-judicial admission that the assignment of said notes constituted payment of the indebtedness in full. When, therefore, at the trial such instrument and assignment were introduced in evidence without objection and without any denial of their execution, they established prima facie payment. It then de-

volved upon appellee to introduce any affirmative matter which it desired to rely upon in avoidance of appellant's defense of payment. This, however, it had no right to do without having pled the same. We think the authorities support our reasoning.

In Niemann v. Garcia, Tex.Civ.App., 144 S.W.2d 621, dism., judgm. correct, the court held that when limitation is specially pleaded, infancy, a personal priviledge, must be specially pleaded in avoidance or such defense will be considered waived.

The Supreme Court, in Childress v. Grim, 57 Tex. 56, held:

"The correct practice, in cases where the defendant pleads the statute, would seem to be for the plaintiff to set up in reply any disability which may take his case out of its operation. Otherwise he will not be permitted to prove the disability because it has not been alleged. In such case the defendant has only to prove the truth of his plea and his defense is complete."

See also Harvey v. Cummings, 68 Tex. 599, 5 S.W. 513, and United States Royalty Ass'n v. Stiles, Tex.Civ.App., 131 S.W.2d 1060, dism. judgm. cor.

See McDonald, Texas Civil Practice, Vol. 2, Sec. 8.02, p. 728, where it is stated:

"Secondly, whenever a plaintiff desires to rely upon affirmative matter in avoidance of a defense pleaded in the answer, he must allege it in a supplemental petition, unless it is already put in issue by the petition. Rule 94 requires that:

" 'In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license,

payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.'

"This rule applies as fully to the plaintiff in his supplemental pleadings as it does to the defendant in his answer. The final clause, referring generally to 'any other matter' in avoidance, imposes upon the plaintiff the obligation to plead any matter in avoidance on which he may intend to rely."

In P. J. Willis & Bro. v. Hudson, 63 Tex. 678, the Supreme Court, through Chief Justice Willie, discussed the circumstances under which a general denial is sufficient and when it becomes necessary for a plea in confession and avoidance to be filed. The court stated:

"For instance, if the defendants proposed to show that the plaintiff's title to the goods was derived by a conveyance from Hudson, Sr., or Hudson & Son, fraudulent as to themselves and other creditors, they must confess the ownership so far as it could be given by the conveyance, but allege its invalidity as to them because of its being fraudulent as to creditors. For such a conveyance is good between the grantor and grantee, and void only as to the parties defrauded, or intended to be defrauded, by it."

In Martin v. Farmers' Nat. Bank of Hillsboro, Tex.Civ.App., 294 S.W. 240, 241, which was a suit on a note, the defendant pleaded payment and release. The court stated:

"In other words, by the introduction of the release appellant sustained the burden of proving payment, unless appellee by pleading and evidence could avoid the effect of said release. Appellee's special plea was in the nature of a plea in confession and avoidance; it admitted the execution of the release, but sought to avoid the effect of same by pleading facts to show it was executed by mistake, and, of course, on this issue the appellee had the laboring oar. Baker v. Pierce, (Tex.Com.App.) 259 S.W. 921, and cases there cited. For an elaborate and instructive discussion of the burden of proof bearing upon the question here discussed, see First Nat. Bank of Morrill v. Ford, 30 Wyo. 110, 216 P. 691, 31 A.L.R. 1441."

In Baker v. Pierce, Tex.Com.App., 259 S.W. 921, 922, which involved a suit on a note and a plea by defendant of its release, the court stated:

"When the plaintiffs and defendant had rested in chief, if no other evidence had been offered, the defendant would have been entitled to an instructed verdict in his favor, the release of the note being prima facie proof of its payment; it then became necessary for the plaintiffs to introduce proof of his plea that the release was made through mutual mistake, and, the case having reached that stage where it became necessary for the plaintiffs to introduce proof explaining defendant's prima facie proof of payment, we think that the burden of proof was not then upon defendant to show payment, and that plaintiffs' special charge No. 1 should not have been given."

See also 11 C.J.S. Bills and Notes § 662, p. 103, where it is said: "As to new matter in avoidance of the defense of payment the burden is on plaintiff; and, where defendant establishes prima facie his defense, the burden of going forward with the evidence shifts to plaintiff."

The other questions involved will not likely arise upon another trial.

For the error of the trial court in permitting the introduction by appellee of affirmative evidence in confession and avoidance of payment without any pleading thereof, the judgment is reversed and the cause is remanded for a new trial.