ROYAL TYPEWRITER CO., a Division of Litton Business Systems, Inc., Appellant,

v.

Hubert H. VESTAL and Don Middlebrook, Partners, Inc. d/b/a U. S. Land Development Co., a partnership, Appellee.

No. 1852.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 11, 1978.

Mark P. Blenden, Paul G. Yale, Lapin, Totz & Mayer, Houston, for appellant.

Kenneth L. Box, Mullins, Box & Parish, Houston, for appellee.

COULSON, Justice.

Appellant, Royal Typewriter Company, plaintiff below, appeals from a take nothing judgment following a nonjury trial in a suit on a contract against appellees Vestal, Middlebrook, and U. S. Land Development Company, defendants below. Appellant conceded at argument that Middlebrook is not a party to this appeal. We affirm.

On December 5, 1972, a contract was executed by Royal, purportedly with U. S. Land Development Company, for the rental of a copying machine. The agreement was signed by one "Julian Holsten" whose title, as written on the agreement, was "Sales Mgr." The copier was installed on December 8, 1972. On February 21, 1975, Royal filed suit against Vestal, Middlebrook, and U. S. Land Development, alleging that "the Defendants did . . . make and execute" the rental agreement, and that payments totaling $1,254.20 were due and not paid. Royal thus asserted damages resulting from breach of a contract with defendants.

Defendants, in addition to a general denial, pled that they did not execute the contract in question and were not indebted to Royal. Royal filed no additional pleadings. At argument Royal conceded that the actual contract had not been proved and that ratification was the only issue upon which they rely in their appeal to bind defendants. Royal had requested additional findings of fact and conclusions of law on the issue of ratification. The trial judge refused to make any additional findings or conclusions on that issue. We conclude that Royal was not entitled to such additional findings, and cannot prevail upon the theory of ratification in this appeal because ratification was not pled.

The Supreme Court of Texas has held that ratification is a plea in avoidance and thus is an affirmative defense which, in the absence of trial by consent, is waived if not affirmatively pled under Rule 94, Texas Rules of Civil Procedure. *Petroleum Anchor Equipment, Inc. v. Tyra*, 419 S.W.2d 829, 835 (Tex.Sup.1967). The record before this court does not indicate that the issue of ratification was tried by consent. Rule 94 requires that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively . . . any . . . matter constituting an avoidance or affirmative defense." The rule itself is not limited to "defendants" but applies to all parties. When a plaintiff desires to rely on an affirmative matter in avoidance of a defense pled in the defendant's answer, he must allege it in a supplemental petition, unless it is already put in issue by the petition. Rule 94 thus imposes on the plaintiff the requirement that he plead any matter in avoidance on which he intends to rely. *Sustala v. North Side Ready-Mix Concrete Co.*, 317 S.W.2d 64 (Tex.Civ.App.-Houston 1958, no writ); *LoBue v. United Services Planning Association*, 467 S.W.2d 574 (Tex.Civ. App.-Fort Worth 1971, writ dism'd); McDonald, Texas Civil Practice, Vol 2, 1970, § 8.02 p. 319.

In the case before us, under these principles, once the defendants pled that they did not execute the contract, it then became incumbent upon Royal to file a supplemental pleading asserting ratification if it intended to rely upon that as a defense to defendants' denial of the contract. The purpose of requiring the pleading of affirmative defense is to put the other party on notice of the matters to be relied on and to enable him to ascertain what proof he may need to meet such defenses. In this case defendants asserted, and the evidence supported the conclusion, that they did not make the contract. The contract was

signed by a person not a party to the suit. Royal did not establish any actual or apparent authority of Holsten to execute the contract. Thus the contract itself did not bind defendants. After the trial was concluded, and judgment handed down, Royal attempted to obtain a finding on ratification. The trial judge properly refused to make such a finding, and Royal has no basis on which to persuade this court to make a finding on the affirmative defense of ratification which it neglected to plead. The judgment of the trial court is affirmed.

Affirmed.