William H. SIMMONS, Appellant,

v.

COMPANIA FINANCIERA LIBANO,
S.A. and Armando Fong Najarro,
Appellees.

No. 01–90–00938–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 14, 1992.

Rehearing Denied June 11, 1992.

James R. Cornelius, Lufkin, for appellant.

Keith G. Fabrizi, Houston, for appellee.

Before O'CONNOR, DUGGAN and DUNN, JJ.

## OPINION

O'CONNOR, Justice.

After a bench trial, the plaintiffs, Compania Financiera Libano, S.A. (CFL) and Armando Fong Najarro (Fong), were awarded a judgment of $1,153,274.40, prejudgment interest of $320,907.40, postjudgment interest, and costs against the defendant, William H. Simmons. We affirm.

### Fact summary

The defendant, as sole obligor, executed two commercial notes and security agreements made in favor of First Federal Savings and Loan Association of Nacogdoches (First Federal). The principal amount of the first note was $760,850.20; the principal amount of the second was $392,424.20. The first note was executed on August 13, 1985, due one year later, and was secured by a certificate of deposit in the same amount, maturing when the note was due, and issued in the name of "Armando Fong Najarro, POA John C. Trotter." [1] The second note was executed on April 15, 1986, due one year later, and was secured by a CD in the same amount, maturing when the note was due, and issued in the name of "Armando Fong Najarro, POA John C. Trotter." The CDs were purchased from First Federal by Trotter with funds provided by Fong. The defendant obtained loans collateralized by the CDs, withdrew funds, and invested in oil leases and drilling deals under his sole proprietorship and in the name of Simmons Exploration Company, a Texas corporation.

In April 1986, the defendant caused the CDs to be cashed and used the proceeds to

---

**1.** Trial testimony indicated that John C. Trotter held the power of attorney to represent Fong in business activities conducted in the United States, both individually and in his capacity as president of CFL. Fong is a resident of Guatemala, and CFL is an investment corporation involved in international business activities, headquartered in Panama.

retire the indebtedness on the two notes.[2] Fong, individually and in his capacity as president of CFL, brought suit against the defendant to recover the funds under a theory of suretyship. The court awarded the plaintiffs full recovery after hearing the testimony of Simmons and J.C. Trotter regarding the transactions, the collateral agreements, and surrounding circumstances.

## 1. Parol evidence

■ In point of error three, the defendant contends that the trial court erred "in holding that the parol evidence rule applies in this suit." In point of error four, the defendant contends that the trial court erred "in holding that the collateral agreements and surrounding circumstances received in evidence could not be considered to establish the existence of a partnership or a joint venture and to refute the relationship of sureties, as between the parties to this suit." As both points challenge the application of the parol evidence rule, we will consider them together.

At trial, the defendant offered parol evidence of the parties' collateral agreements to show the parties altered their obligations. The plaintiffs objected to the evidence on the ground it was parol evidence and could not be admitted to vary the terms of the agreement. The trial court overruled the plaintiffs' objections and admitted evidence of collateral agreements and surrounding circumstances regarding alleged partnership and joint venture agreements. The trial court found that "[t]here were no oral agreements which constituted a partnership agreement or which would vary the terms of the loans and the suretyship between the parties."

■ It is undisputed that the defendant signed the notes personally and only his name appears on the notes as obligor. The notes are standard form notes which qualify as negotiable instruments under TEX.

BUS. & COM.CODE ANN. § 3.104 (Vernon 1968). The notes represent valid, integrated agreements of the parties regarding the use of the funds. In such circumstances, the parol evidence rule prohibits the enforcement of any agreements that are inconsistent with the notes, whether made before or contemporaneous with the execution of the notes. *Hubacek v. Ennis State Bank*, 159 Tex. 166, 317 S.W.2d 30, 32 (1958); *Wagner v. Morris*, 658 S.W.2d 230, 231–32 (Tex.App.—Houston [1st Dist.] 1983, no writ). The clear terms of a negotiable instrument, such as the ones in this case, cannot be varied by a parol agreement which purports to change the obligor's responsibilities. *Town North Nat'l Bank v. Broaddus*, 569 S.W.2d 489, 492 (Tex.1978); *Albritton Dev. Co. v. Glendon Investments, Inc.*, 700 S.W.2d 244, 247 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). The terms of the notes in this case were not subject to change by the terms of other agreements between the parties. *Town North Nat'l Bank*, 569 S.W.2d at 492; *Albritton*, 700 S.W.2d at 247. We hold that the trial court was correct in finding that the parol evidence could not vary the terms of the agreement.

We overrule points of error three and four.

## 2. Defendant as sole obligor

■ In point of error one, the defendant argues that the trial court erred in holding that he was the sole obligor on the notes. Our consideration of the evidence is limited by our holding that the parol evidence rule precluded evidence of extraneous agreements of the parties.

■ In an appeal from a bench trial, findings of fact have the same weight as a jury's answers to questions in the verdict. *IFG Leasing Co. v. Ellis*, 748 S.W.2d 564, 566 (Tex.App.—Houston [1st Dist.] 1988, no writ). Findings of fact are not conclusive, however, when a complete statement

---

**2.** Evidence was presented at trial that the defendant owned approximately five percent of the stock of First Federal, and sat on the board of directors. His authority to cash the CDs and disburse the proceeds was contested during this trial and previous, related proceedings in United States district court. The trial court made no finding of fact regarding the defendant's authority to act, but did find that the CDs "were used to offset and liquidate said loans of defendant."

of facts appears in the record. *Swanson v. Swanson,* 148 Tex. 600, 228 S.W.2d 156, 158 (1950); *Pontiac v. Elliott,* 775 S.W.2d 395, 399 (Tex.App.—Houston [1st Dist.] 1989, writ ref'd). Findings of fact are binding on this Court only if supported by the evidence. *Pontiac,* 775 S.W.2d at 399. The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them. *IFG Leasing,* 748 S.W.2d at 566. We use the same legal and factual sufficiency standards to review findings of fact that we use to review jury findings. *MCZ, Inc. v. Smith,* 707 S.W.2d 672, 678 (Tex.App.— Houston [1st Dist.] 1986, writ ref'd n.r.e.).

It is undisputed that the defendant signed the notes personally and only his name appeared on the notes as obligor. We hold that the trial court was correct in finding that the defendant was the sole obligor on the notes.

We overrule point of error one.

### 3. Plaintiffs as sureties

▇▇▇ In point of error two, the defendant argues that the trial court erred in finding that the plaintiffs were sureties for the defendant on the notes. A surety is a party who promises to answer for the debt of another. *Crimmins v. Lowry,* 691 S.W.2d 582, 585 (Tex.1985). The definition of surety includes an "endorser, guarantor, drawer of a draft which has been accepted, and every other form of suretyship, whether created by express contract or by operation of law." TEX.BUS. & COM.CODE ANN. § 34.01. A guaranty is a promise of a person to perform an act of the same kind and content as another is contractually bound to perform. *Cooke v. Dykstra,* 800 S.W.2d 556, 559 (Tex.App.—Houston [14th Dist.] 1990, no writ).

▇▇▇ Here, the plaintiffs were the guarantors, because they were answerable for the defendant's debt on the notes in the event that he did not pay the debts. The defendant did not pay on the notes, and the plaintiffs' funds were used to satisfy them. When an owner of property pledges the property as security for another's obligation, that owner occupies the position of surety to the extent of the property pledged. *State Fidelity Mtg. Co. v. Varner,* 740 S.W.2d 477, 480 (Tex.App.—Houston [1st Dist.] 1987, writ denied). The plaintiffs, owners of the CDs, pledged the CDs for the defendant's obligation to First Federal, and thereby became sureties to the extent that the CDs were pledged. When the plaintiffs' CDs were liquidated to pay Simmons' debt, the plaintiffs obtained a right of action against the defendant as surety on the notes. *Crimmins,* 691 S.W.2d at 585; *State Fidelity,* 740 S.W.2d at 480.

We overrule point of error two.

### 4. The statute of frauds

▇▇▇ In point of error five, the defendant argues that the trial court erred in applying the statute of frauds to this case. Citing TEX.R.CIV.P. 94, he contends that the plaintiffs must have pled the statute in order to invoke its protection at trial. The plaintiffs argue that rule 94, which is titled "Affirmative Defenses" and appears under the heading "Pleadings of Defendant," applies only to defendants and so they were not required to plead the statute.

We agree with the defendant's interpretation of rule 94. Despite the title of rule 94 and the heading under which it appears, courts have held that rule 94 applies to all parties, not just defendants. *Royal Typewriter Co. v. Vestal,* 572 S.W.2d 377, 378 (Tex.App.—Houston [14th Dist.] 1978, no writ) (a plaintiff who relies on the affirmative defense of ratification must plead it); *Sustala v. North Side Ready–Mix Concrete Co.,* 317 S.W.2d 64, 67–68 (Tex.Civ. App.—Houston [1st Dist.] 1958, no writ) (a plaintiff who relies on the affirmative defense of confession and avoidance must be plead it). As stated in *Royal Typewriter,* 572 S.W.2d at 378:

When a plaintiff desires to rely on an affirmative matter in avoidance of a defense pled in the defendant's answer, he must allege it in a supplemental petition, unless it is already put in issue by the petition. Rule 94 thus imposes on the plaintiff the requirement that he plead

any matter in avoidance on which he intends to rely.

The plaintiffs did not use the term "statute of frauds" in its pleadings. The plaintiffs, however, did plead that "no oral agreements would be binding upon them." The defendant did not object during trial that the plaintiffs had not pled the statute of frauds. The defendant waived his objection to the plaintiff's lack of pleadings on the statute of frauds. *See, e.g., Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372, 373 (Tex. 1988).

We overrule point of error five.

## 5. The requested findings of fact

 In points of error six, seven, and eight, the defendant contends the trial court erred in refusing to make the following findings of fact:

The notes and certificates of deposit involved in this suit constituted parts of a plan agreed to between John C. Trotter and defendant, William H. Simmons whereby money owned or held by plaintiffs in Guatemala or Panama would be used to fund investments in an oil and gas venture with defendant in the United States.

The notes involved in this suit, by agreement of John C. Trotter, as attorney-in-fact for plaintiff, Armando Fong Najarro, who, in turn, was president of plaintiff Compania Financiera Libano, S.A., on the one hand, and defendant, William H. Simmons, on the other hand, were intended to be paid through the oil and gas venture, and not the sole obligation of defendant.

Money owned or held by plaintiffs in Guatemala or Panama was used, not to pay defendant's debt, but instead was advanced as an investment in the oil and gas venture, and the assets and liabilities of the venture are the property of Simmons Exploration Company.

For the trial court to have made these requested findings, it would have had to conclude that the notes involved in this case were interwoven into a partnership or joint venture, and that collateral agreements of the parties controlled the parties'

obligations on the notes. These conclusions could only have been reached if the court had held that the parol evidence rule did not apply to this case. The trial court held otherwise, and we determined above that its decision on this matter was correct.

 The trial court commits no error when, as here, it refuses to make an additional finding that is contrary to the other findings already entered. *Eikenhorst v. Eikenhorst*, 746 S.W.2d 882, 887 (Tex. App.—Houston [1st Dist.] 1988, no writ); *see also Baucom v. Crews*, 819 S.W.2d 628, 632 (Tex.App.—Waco 1991, n.w.h.). Furthermore, the defendant has not referred us to any evidence in the record, and we can find none, for the proposition that any money was "owned or held" by the plaintiffs in Guatemala or Panama. A trial court is within its discretion when it refuses a requested finding which has no support in the record. *See Allred v. Harris Cty. Child Welfare Unit*, 615 S.W.2d 803, 807 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

We overrule points of error six, seven, and eight.