COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-132-CV
  
  
ROYE 
ENTERPRISES, INC.                                                     APPELLANTS
AND 
HENRY T. ROYE, JR.
 
V.
 
ROBERT 
E. ROPER                                                                    APPELLEE
 
 
------------
 
FROM 
THE 153RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Appellants 
Henry T. Roye, Jr. (Henry) and Roye Enterprises, Inc. (REI) appeal from a 
summary judgment in favor of appellee Robert E. Roper.  In six issues, 
appellants argue that the trial court erred by granting summary judgment in 
favor of appellee (1) on appellants’ breach of guaranty claim because there is 
evidence that appellee agreed to guaranty the note, (2) on appellants’ 
fraud/fraudulent inducement claims because there is summary judgment evidence on 
each element of these claims, (3) on appellants’ negligent misrepresentation 
claim because there is summary judgment evidence on each element of this claim, 
(4) on appellants’ civil conspiracy claim because there is summary judgment 
evidence on each element of this claim, (5) because there is a genuine issue of 
material fact on whether Scott Roper had authority to initial appellee’s 
guaranty of the debt on the letter of intent, and (6) on appellee’s 
ratification and waiver defenses because there is a genuine issue of material 
fact. We affirm.
II. Background Facts
        On 
May 19, 1999, appellee’s son Scott signed a letter of intent to buy Henry’s 
camper manufacturing business.  Henry changed the letter to include a 
provision that “Robert E. Scott”[2] would guaranty 
a $420,000 note, and Scott initialed the handwritten change.  On June 25, 
1999, Scott, as president of Bob Roper & Son Acquisition Corporation (Roper 
Acquisition), signed an asset purchase agreement, in which Roper Acquisition 
agreed to buy the assets, including the name, Capri Camper Manufacturing 
Incorporated (Capri), of Henry’s camper business.[3]  
As part of the purchase price, Roper Acquisition gave Capri (REI’s 
predecessor) a promissory note for $397,500.  Although Scott signed the 
note as a guarantor, appellee did not.
        Several 
days later, Henry discovered that appellee had not guarantied the note.  
Through their attorneys, Henry told appellee that unless he guarantied the note, 
Henry wanted to cancel the transaction. Appellee responded that he had never 
agreed to guaranty the note and refused to voluntarily rescind the transaction. 
Ultimately, Henry agreed to go forward with the transaction as closed. Roper 
Acquisition stopped making payments on the note in May 2002, and appellants sued 
appellee, Scott, and Roper Acquisition alleging various causes of action. 
Appellee filed both traditional and no-evidence summary judgment motions. The 
trial court granted appellee’s motions.
III. Standard of Review
Traditional Summary Judgment
        In 
a summary judgment case, the issue on appeal is whether the movant met his 
summary judgment burden by establishing that no genuine issue of material fact 
exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); S.W. Elec. 
Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of Houston v. 
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). The burden of 
proof is on the movant, and all doubts about the existence of a genuine issue of 
material fact are resolved against the movant. S.W. Elec. Power Co., 73 
S.W.3d at 215; Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 
1997); Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 
S.W.2d 41, 47 (Tex. 1965). Therefore, we must view the evidence and its 
reasonable inferences in the light most favorable to the nonmovant. Great Am., 
391 S.W.2d at 47.
        In 
deciding whether there is a material fact issue precluding summary judgment, all 
conflicts in the evidence are disregarded and the evidence favorable to the 
nonmovant is accepted as true. Harwell v. State Farm Mut. Auto. Ins. Co., 
896 S.W.2d 170, 173 (Tex. 1995). Evidence that favors the movant's position will 
not be considered unless it is uncontroverted. Great Am., 391 S.W.2d at 
47. The summary judgment will be affirmed only if the record establishes that 
the movant has conclusively proved all essential elements of the movant's cause 
of action or defense as a matter of law. Clear Creek Basin, 589 S.W.2d at 
678.
        A 
defendant is entitled to summary judgment if the summary judgment evidence 
establishes, as a matter of law, that at least one element of a plaintiff’s 
cause of action cannot be established. Elliott-Williams Co. v. Diaz, 9 
S.W.3d 801, 803 (Tex. 1999). The defendant as movant must present summary 
judgment evidence that negates an element of the plaintiff’s claim. Centeq 
Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995). Once the defendant 
produces sufficient evidence to establish the right to summary judgment, the 
burden shifts to the plaintiff to come forward with competent controverting 
evidence raising a genuine issue of material fact with regard to the element 
challenged by the defendant. Id.
        A 
defendant is entitled to summary judgment on an affirmative defense if the 
defendant conclusively proves all the elements of the affirmative defense. Rhone-Poulenc, 
Inc. v. Ramirez, 997 S.W.2d 217, 223 (Tex. 1999). To accomplish this, the 
defendant-movant must present summary judgment evidence that establishes each 
element of the affirmative defense as a matter of law. Ryland Group, Inc. v. 
Hood, 924 S.W.2d 120, 121 (Tex. 1996).
No-Evidence Summary Judgment
        After 
an adequate time for discovery, the party without the burden of proof may, 
without presenting evidence, move for summary judgment on the ground that there 
is no evidence to support an essential element of the nonmovant's claim or 
defense. Tex. R. Civ. P. 166a(i). 
The motion must specifically state the elements for which there is no evidence. Id.; 
Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207 (Tex. 2002). The 
trial court must grant the motion unless the nonmovant produces summary judgment 
evidence that raises a genuine issue of material fact. See Tex. R. Civ. P. 166a(i) & cmt.; S.W. 
Elec. Power Co., 73 S.W.3d at 215.
        We 
review the evidence in the light most favorable to the party against whom the 
no-evidence summary judgment was rendered. King Ranch, Inc. v. Chapman, 
118 S.W.3d 742, 751 (Tex. 2003), cert. denied, 541 U.S. 1030 (2004); Johnson, 
73 S.W.3d at 197; Morgan v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000). If 
the nonmovant brings forward more than a scintilla of probative evidence that 
raises a genuine issue of material fact, then a no-evidence summary judgment is 
not proper. Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.—San 
Antonio 1998, pet. denied).
IV. Guaranty
        In 
their first issue, appellants argue that the trial court erred by granting 
summary judgment in favor of appellee on appellants’ breach of guaranty claim 
because there is evidence that appellee agreed to guaranty the note. In their 
fifth issue, appellants argue that the trial court erred by granting summary 
judgment in favor of appellee because there is an issue of material fact on 
whether Scott had authority to initial appellee’s guaranty of the debt on the 
letter of intent. Because appellants’ first and fifth issues are related, we 
will address them together.
        A 
guaranty is a person’s promise to perform the same act that another person is 
contractually bound to perform. Simmons v. Compania Financiera Libano S.A., 
830 S.W.2d 789, 792 (Tex. App.—Houston [1st Dist.] 1992, writ denied). A 
guaranty creates a secondary obligation under which the guarantor promises to 
answer for the debt of the primary obligor if the primary obligor fails to 
perform. Garner v. Corpus Christi Nat’l Bank, 944 S.W.2d 469, 475 (Tex. 
App.—Corpus Christi 1997, writ denied), cert. denied, 525 U.S. 965 
(1998). To recover under a guaranty agreement, a plaintiff must show (1) the 
existence and ownership of the guaranty agreement, (2) the terms of the 
underlying contract by the holder, (3) the occurrence of the conditions upon 
which liability is based, and (4) the failure or the refusal to perform the 
promise by the guarantor. Byrd v. Estate of Nelms, 154 S.W.3d 149, 157 
(Tex. App.—Waco 2004, pet. denied).
        Appellants 
argue that there is evidence that appellee agreed to guaranty the note. As 
support for their argument, appellants point to the fact that Henry added a 
guaranty to the letter of intent by “Robert E. Scott,” which Henry stated 
was intended to be Robert E. Roper and Scott Roper, and that Scott initialed the 
handwritten change. Because appellee neither signed nor initialed the letter of 
intent, the letter is evidence of a guaranty by appellee only if Scott had the 
actual or apparent authority to bind appellee. See Park Cities Ltd. P’ship 
v. Transpo Funding Corp., 131 S.W.3d 654, 660 (Tex. App.—Dallas 2004, pet. 
denied).
        Actual 
authority is authority that a principal intentionally confers on an agent or 
allows an agent to believe has been conferred. City of Roanoke v. Town of 
Westlake, 111 S.W.3d 617, 627 (Tex. App.—Fort Worth 2003, pet. denied). 
Apparent authority exists when the principal’s conduct “leads a reasonable 
third party to believe that the agent has the authority that he purports to 
exercise.” Id.
        Appellants 
argue that Scott had actual authority to initial the guaranty provision in the 
letter of intent on appellee’s behalf. Appellants cite Scott’s deposition 
testimony in which he stated that he discussed the letter of intent with 
appellee before Henry inserted the guaranty provision and that he probably 
initialed the guaranty provision because Tom Kiec[4]  
told him to. Although there is evidence that appellee and Scott discussed the 
letter of intent before Henry inserted the guaranty provision, there is no 
evidence that appellee authorized Scott to act on appellee’s behalf. Likewise, 
there is no evidence that Kiec was authorized to confer actual authority on 
Scott to initial the guaranty provision on appellee’s behalf. Therefore, there 
is no evidence that Scott had actual authority to bind appellee.
        Appellants 
also argue that appellee’s conduct vested Scott with apparent authority. 
Appellants claim that appellee communicated with Henry through Scott, thereby 
allowing Scott to hold himself out as having the authority to communicate with 
Henry on appellee’s behalf. But appellants do not point to any specific 
evidence within the summary judgment record that supports this claim. 
Accordingly, there is no evidence of conduct by appellee that would lead a 
reasonable person to conclude that Scott was authorized to act on appellee’s 
behalf. Because Scott had neither actual nor apparent authority to initial the 
guaranty provision in the letter of intent on appellee’s behalf, the guaranty 
provision added to the letter of intent is not evidence that appellee agreed to 
guaranty the promissory note.
        As 
additional support for their argument that appellee agreed to guaranty the 
promissory note, appellants cite Henry’s affidavit in which he states that Ron 
Hagan, who worked for Roland, Criss & Company along with Kiec, told him that 
both Scott and appellee had agreed to guaranty the note. Appellee filed an 
objection to the affidavit, arguing that the statement was conclusory and 
hearsay. The trial court overruled appellee’s objection but granted his motion 
for summary judgment. In his brief on appeal, appellee argues in one cross-issue 
that the trial court erred by overruling his objection.
        First, 
we reject appellants’ argument that appellee failed to preserve his 
cross-issue for appellate review because appellee did not file a notice of 
appeal. Rule 25.1(c) of the rules of appellate procedure requires a party who 
seeks to alter the trial court’s judgment to file a notice of appeal with the 
trial court. Tex. R. App. P. 
25.1(c). Because appellee does not seek to alter the trial court’s judgment, 
he was not required to file a notice of appeal before raising his cross-issue. See 
Helton v. R.R. Comm’n of Tex., 126 S.W.3d 111, 119-20 (Tex. App.—Houston 
[1st Dist.] 2003, pet. denied). Further, appellee properly preserved his 
cross-issue by filing an objection with the trial court. See Denison 
v. Haeber Roofing Co., 767 S.W.2d 862, 865 (Tex. App.—Corpus Christi 1989, 
no writ) (holding that objection to hearsay in summary judgment proof cannot be 
raised for the first time on appeal). Accordingly, we may address appellee’s 
cross-issue on its merits.
        Hearsay 
is a “statement, other than the one made by the declarant while testifying at 
the trial or hearing, offered in evidence to prove the truth of the matter 
asserted.” Tex. R. Evid. 801(d). 
A trial court may not consider inadmissible hearsay evidence over a party’s 
objection in ruling on a motion for summary judgment. Dolcefino v. Randolph, 
19 S.W.3d 906, 927 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (op. on 
reh’g). An affidavit that contains hearsay is objectionable and does not raise 
a fact issue to defeat a motion for summary judgment. Querner Truck Lines, 
Inc. v. Alta Verde Indus., Inc., 747 S.W.2d 464, 468 (Tex. App.—San 
Antonio 1988, no writ).
        In 
the present case, Hagan’s alleged statement to Henry that Scott and appellee 
told him they would guaranty the note is an out-of-court statement offered to 
prove the truth of the matter asserted, that is, that appellee had agreed to 
guaranty the promissory note. Therefore, the statement is hearsay and is not 
competent summary judgment evidence that appellee agreed to guaranty the note.
        Appellants 
also note that their counsel, Albert Ross, prepared the first draft of the 
promissory note, which included a guaranty by appellee, and placed the document 
on a diskette, which Ross then gave to appellee’s counsel, Tony Murrell, so 
that the document could be printed. Without discussion between counsel, the line 
where appellee was to guaranty the note was removed. However, we fail to see how 
this constitutes evidence that appellee agreed to guaranty the note. If 
anything, this is evidence that appellee did not agree to guaranty the 
note. Therefore, we overrule appellants’ first and fifth issues.
V. Fraud/Fraudulent Inducement and Negligent 
Misrepresentation
        In 
their second and third issues, appellants argue that the trial court erred by 
granting appellee’s motion for summary judgment on appellants’ 
fraud/fraudulent inducement claims and negligent misrepresentation claim, 
respectively. Appellants assert, as an element of each claim, that appellee 
agreed to guaranty the note. In their fraud/fraudulent inducement claims, 
appellants argue that appellee promised to guaranty the note but later denied 
that he promised to do so. Appellants argue that Henry would not have closed the 
sale had he known that appellee was not going to guaranty the note. Similarly, 
in their negligent misrepresentation claim, appellants argue that by promising 
to guaranty the note, appellee supplied false information to Henry “for the 
guidance of [Henry] in [Henry’s] business.” However, we have already held 
that there is no evidence that appellant agreed to guaranty the note. Therefore, 
appellants cannot rely on a nonexistent promise to guaranty as a basis for their 
claims. We overrule appellants’ second and third issues.
VI. Civil Conspiracy
        In 
their fourth issue, appellants argue that the trial court erred by granting 
appellee’s motion for summary judgment on appellants’ civil conspiracy 
claim. The elements of an actionable civil conspiracy are (1) two or more 
persons, (2) an object to be accomplished, (3) a meeting of the minds on the 
object or course of action, (4) one or more unlawful, overt acts, and (5) 
damages as a proximate result. Juhl v. Airington, 936 S.W.2d 640, 644 
(Tex. 1996).
        Citing 
the same evidence discussed in their first issue, appellants argue that appellee 
and Scott combined to defraud appellants. Although there is evidence that Scott 
discussed the letter of intent with appellee before Henry added the guaranty 
provision that Scott initialed, there is no evidence of a meeting of the minds 
between Scott and appellee to defraud appellants. Moreover, as we discussed 
earlier, Hagan’s alleged statement in Henry’s affidavit is hearsay and is 
not competent summary judgment evidence. Therefore, we overrule appellants’ 
fourth issue.
VII. Ratification and Waiver
        In 
their sixth issue, appellants argue that the trial court erred by granting 
appellee’s motion for summary judgment on his ratification and waiver 
defenses. In his motions for summary judgment, appellee argued that there was no 
evidence of one or more elements of appellants’ claims. In his traditional 
motion for summary judgment, appellee also argued that appellants’ 
fraud/fraudulent inducement, negligent misrepresentation, and civil conspiracy 
claims were barred by the doctrines of ratification and waiver. The trial court 
granted appellee’s motions for summary judgment but did not specify the ground 
or grounds it relied upon for its ruling. “When a trial court's order granting 
summary judgment does not specify the grounds relied upon, the reviewing court 
must affirm summary judgment if any of the summary judgment grounds are 
meritorious.” Bradley v. State ex. rel. White, 990 S.W.2d 245, 247 
(Tex. 1999). Because we have held that there is no evidence of one or more 
essential elements of appellants’ fraud/fraudulent inducement, negligent 
misrepresentation, and civil conspiracy claims, we do not need to address 
whether the trial court could have also granted summary judgment in favor of 
appellee based on his affirmative defenses. See id.; see also Tex. R. App. P. 47.1. We overrule 
appellants’ sixth issue.
VIII. Conclusion
        Having 
overruled all of appellants’ issues, we affirm the trial court’s judgment.
  
   
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
 
 
 
PANEL 
A:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
 
DELIVERED: 
July 28, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Later, Henry stated in an affidavit that he intended “Robert E. Scott” to 
mean Robert E. Roper and Scott Roper.
3.  
Henry’s corporation then became REI, the other named appellant.
4.  
Kiec worked for Roland, Criss & Company, a business broker that appellee 
hired to find a business for him to purchase.