ROYE ENTERPRISES V. ROPER

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-132-CV

ROYE ENTERPRISES, INC. APPELLANTS

AND HENRY T. ROYE, JR.

V.

ROBERT E. ROPER APPELLEE

------------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellants Henry T. Roye, Jr. (Henry) and Roye Enterprises, Inc. (REI) appeal from a summary judgment in favor of appellee Robert E. Roper.  In six issues, appellants argue that the trial court erred by granting summary judgment in favor of appellee (1) on appellants’ breach of guaranty claim because there is evidence that appellee agreed to guaranty the note, (2) on appellants’ fraud/fraudulent inducement claims because there is summary judgment evidence on each element of these claims, (3) on appellants’ negligent misrepresentation claim because there is summary judgment evidence on each element of this claim, (4) on appellants’ civil conspiracy claim because there is summary judgment evidence on each element of this claim, (5) because there is a genuine issue of material fact on whether Scott Roper had authority to initial appellee’s guaranty of the debt on the letter of intent, and (6) on appellee’s ratification and waiver defenses because there is a genuine issue of material fact.  We affirm. 

II. Background Facts

On May 19, 1999, appellee’s son Scott signed a letter of intent to buy Henry’s camper manufacturing business.  Henry changed the letter to include a provision that “Robert E. Scott”
(footnote: 2) would guaranty a $420,000 note, and Scott initialed the handwritten change.  On June 25, 1999, Scott, as president of Bob Roper & Son Acquisition Corporation (Roper Acquisition), signed an asset purchase agreement, in which Roper Acquisition agreed to buy the assets, including the name, Capri Camper Manufacturing Incorporated (Capri), of Henry’s camper business.
(footnote: 3)  As part of the purchase price, Roper Acquisition gave Capri  (REI’s predecessor) a promissory note for $397,500.  Although Scott signed the note as a guarantor, appellee did not. 

Several days later, Henry discovered that appellee had not guarantied the note.  Through their attorneys, Henry told appellee that unless he guarantied the note, Henry wanted to cancel the transaction.  Appellee responded that he had never agreed to guaranty the note and refused to voluntarily rescind the transaction.  Ultimately, Henry agreed to go forward with the transaction as closed.  Roper Acquisition stopped making payments on the note in May 2002, and appellants sued appellee, Scott, and Roper Acquisition alleging various causes of action.  Appellee filed both traditional and no-evidence summary judgment motions.  The trial court granted appellee’s motions.  

III. Standard of Review

Traditional Summary Judgment

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
S.W. Elec. Power Co., 
73 S.W.3d at 215; 
Sci. Spectrum, Inc. v. Martinez
, 941 S.W.2d 910, 911 (Tex. 1997); 
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).  Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.  
Great Am.
, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true.  
Harwell v. State Farm Mut. Auto. Ins. Co.
, 896 S.W.2d 170, 173 (Tex. 1995).  Evidence that favors the movant's position will not be considered unless it is uncontroverted.  
Great Am.
, 391 S.W.2d at 47.  The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law.  
Clear Creek Basin
, 589 S.W.2d at 678.

A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff’s cause of action cannot be established.  
Elliott-Williams Co. v. Diaz
, 9 S.W.3d 801, 803 (Tex. 1999).  The defendant as movant must present summary judgment evidence that negates an element of the plaintiff’s claim.  
Centeq Realty, Inc. v. Siegler
, 899 S.W.2d 195, 197 (Tex. 1995).  Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant.  
Id.

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense.  
Rhone-Poulenc, Inc. v. Ramirez
, 997 S.W.2d 217, 223 (Tex. 1999).  To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law.  
Ryland Group, Inc. v. Hood,
 924 S.W.2d 120, 121 (Tex. 1996).

No-Evidence Summary Judgment

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.; Johnson v. Brewer & Pritchard, P.C., 
73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) & cmt.; 
S.W. Elec. Power Co., 
73 S.W.3d at 215.

We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered.  
King Ranch, Inc. v. Chapman
, 118 S.W.3d 742, 751 (Tex. 2003), 
cert. denied
, 541 U.S. 1030 (2004); 
Johnson
, 73 S.W.3d at 197; 
Morgan v. Anthony
, 27 S.W.3d 928, 929 (Tex. 2000).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.  
Moore v. K Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied). 

IV. Guaranty
 

In their first issue, appellants argue that the trial court erred by granting summary judgment in favor of appellee on appellants’ breach of guaranty claim because there is evidence that appellee agreed to guaranty the note.  In their fifth issue, appellants argue that the trial court erred by granting summary judgment in favor of appellee because there is an issue of material fact on whether Scott had authority to initial appellee’s guaranty of the debt on the letter of intent.  Because appellants’ first and fifth issues are related, we will address them together. 

A guaranty is a person’s promise to perform the same act that another person is contractually bound to perform.  
Simmons v. Compania Financiera Libano S.A.
, 830 S.W.2d 789, 792 (Tex. App.—Houston [1st Dist.] 1992, writ denied).  A guaranty creates a secondary obligation under which the guarantor promises to answer for the debt of the primary obligor if the primary obligor fails to perform.  
Garner v. Corpus Christi Nat’l Bank
, 944 S.W.2d 469, 475 (Tex. App.—Corpus Christi 1997, writ denied), 
cert. denied
, 525 U.S. 965 (1998).  To recover under a guaranty agreement, a plaintiff must show (1) the existence and ownership of the guaranty agreement, (2) the terms of the underlying contract by the holder, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or the refusal to perform the promise by the guarantor.  
Byrd v. Estate of Nelms
, 154 S.W.3d 149, 157 (Tex. App.—Waco 2004, pet. denied). 

Appellants argue that there is evidence that appellee agreed to guaranty the note.  As support for their argument, appellants point to the fact that Henry added a guaranty to the letter of intent by “Robert E. Scott,” which Henry stated was intended to be Robert E. Roper and Scott Roper, and that Scott initialed the handwritten change.  Because appellee neither signed nor initialed the letter of intent, the letter is evidence of a guaranty by appellee only if Scott had the actual or apparent authority to bind appellee.  
See Park Cities Ltd. P’ship v. Transpo Funding Corp.
, 131 S.W.3d 654, 660 (Tex. App.—Dallas 2004, pet. denied).

Actual authority is authority that a principal intentionally confers on an agent or allows an agent to believe has been conferred.  
City of Roanoke v. Town of Westlake
, 111 S.W.3d 617, 627 (Tex. App.—Fort Worth 2003, pet. denied).  Apparent authority exists when the principal’s conduct “leads a reasonable third party to believe that the agent has the authority that he purports to exercise.”  
Id
.        

Appellants argue that Scott had actual authority to initial the guaranty provision in the letter of intent on appellee’s behalf.  Appellants cite Scott’s deposition testimony in which he stated that he discussed the letter of intent with appellee before Henry inserted the guaranty provision and that he probably initialed the guaranty provision because Tom Kiec
(footnote: 4) told him to.  Although there is evidence that appellee and Scott discussed the letter of intent before Henry inserted the guaranty provision, there is no evidence that appellee authorized Scott to act on appellee’s behalf.  Likewise, there is no evidence that Kiec was authorized to confer actual authority on Scott to initial the guaranty provision on appellee’s behalf.  Therefore, there is no evidence that Scott had actual authority to bind appellee.  

Appellants also argue that appellee’s conduct vested Scott with apparent authority.  Appellants claim that appellee communicated with Henry through Scott, thereby allowing Scott to hold himself out as having the authority to communicate with Henry on appellee’s behalf.  But appellants do not point to any specific evidence within the summary judgment record that supports this claim.  Accordingly, there is no evidence of conduct by appellee that would lead a reasonable person to conclude that Scott was authorized to act on appellee’s behalf.  Because Scott had neither actual nor apparent authority to initial the guaranty provision in the letter of intent on appellee’s behalf, the guaranty provision added to the letter of intent is not evidence that appellee agreed to guaranty the promissory note.  

As additional support for their argument that appellee agreed to guaranty the promissory note, appellants cite Henry’s affidavit in which he states that  Ron Hagan, who worked for Roland, Criss & Company along with Kiec, told him that both Scott and appellee had agreed to guaranty the note.  Appellee filed an objection to the affidavit, arguing that the statement was conclusory and hearsay.  The trial court overruled appellee’s objection but granted his motion for summary judgment.  In his brief on appeal, appellee argues in one cross-issue that the trial court erred by overruling his objection. 

First, we reject appellants’ argument that appellee failed to preserve his cross-issue for appellate review because appellee did not file a notice of appeal.  Rule 25.1(c) of the rules of appellate procedure requires a party who seeks to alter the trial court’s judgment to file a notice of appeal with the trial court.
  Tex. R. App. P.
 25.1(c).  Because appellee does not seek to alter the trial court’s judgment, he was not required to file a notice of appeal before raising his cross-issue.  
See Helton v. R.R. Comm’n of Tex.
, 126 S.W.3d 111, 119-20 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).  Further, appellee properly preserved his cross-issue by filing an objection with the trial court.  
See
 
Denison v. Haeber Roofing Co.
, 767 S.W.2d 862, 865 (Tex. App.—Corpus Christi 1989, no writ) (holding that objection to hearsay in summary judgment proof cannot be raised for the first time on appeal).  Accordingly, we may address appellee’s cross-issue on its merits.     

Hearsay is a “statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.”  
Tex. R. Evid.
 801(d).  A trial court may not consider inadmissible hearsay evidence over a party’s objection in ruling on a motion for summary judgment.  
Dolcefino v. Randolph
, 19 S.W.3d 906, 927 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (op. on reh’g).  An affidavit that contains hearsay is objectionable and does not raise a fact issue to defeat a motion for summary judgment.  
Querner Truck Lines, Inc. v. Alta Verde Indus., Inc
., 747 S.W.2d 464, 468 (Tex. App.—San Antonio 1988, no writ).

In the present case, Hagan’s alleged statement to Henry that Scott and appellee told him they would guaranty the note is an out-of-court statement offered to prove the truth of the matter asserted, that is, that appellee had agreed to guaranty the promissory note.  Therefore, the statement is hearsay and is not competent summary judgment evidence that appellee agreed to guaranty the note.         

Appellants also note that their counsel, Albert Ross, prepared the first draft of the promissory note, which included a guaranty by appellee, and placed the document on a diskette, which Ross then gave to appellee’s counsel, Tony Murrell, so that the document could be printed.  Without discussion between counsel, the line where appellee was to guaranty the note was removed.  However, we fail to see how this constitutes evidence that appellee agreed to guaranty the note.  If anything, this is evidence that appellee 
did not
 agree to guaranty the note.  Therefore, we overrule appellants’ first and fifth issues. 

V. Fraud/Fraudulent Inducement and Negligent Misrepresentation

In their second and third issues, appellants argue that the trial court erred by granting appellee’s motion for summary judgment on appellants’ fraud/fraudulent inducement claims and negligent misrepresentation claim, respectively.  Appellants assert, as an element of each claim, that appellee agreed to guaranty the note.  In their fraud/fraudulent inducement claims, appellants argue that appellee promised to guaranty the note but later denied that he promised to do so.  Appellants argue that Henry would not have closed the sale had he known that appellee was not going to guaranty the note.  Similarly, in their negligent misrepresentation claim, appellants argue that by promising to guaranty the note, appellee supplied false information to Henry “for the guidance of [Henry] in [Henry’s] business.”  However, we have already held that there is no evidence that appellant agreed to guaranty the note.  Therefore, appellants cannot rely on a nonexistent promise to guaranty as a basis for their claims.  We overrule appellants’ second and third issues.   

VI. Civil Conspiracy

In their fourth issue, appellants argue that the trial court erred by granting appellee’s motion for summary judgment on appellants’ civil conspiracy claim.  The elements of an actionable civil conspiracy are (1) two or more persons, (2)  an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result.  
Juhl v. Airington
, 936 S.W.2d 640, 644 (Tex. 1996). Citing the same evidence discussed in their first issue, appellants argue that appellee and Scott combined to defraud appellants.  Although there is evidence that Scott discussed the letter of intent with appellee before Henry added the guaranty provision that Scott initialed, there is no evidence of a meeting of the minds between Scott and appellee to defraud appellants.  Moreover, as we  discussed earlier, Hagan’s alleged statement in Henry’s affidavit is hearsay and is not competent summary judgment evidence.  Therefore, we overrule appellants’ fourth issue. 

VII. Ratification and Waiver

In their sixth issue, appellants argue that the trial court erred by granting appellee’s motion for summary judgment on his ratification and waiver defenses.  In his motions for summary judgment, appellee argued that there was no evidence of one or more elements of appellants’ claims.  In his traditional motion for summary judgment, appellee also argued that appellants’ fraud/fraudulent inducement, negligent misrepresentation, and civil conspiracy claims were barred by the doctrines of ratification and waiver.  The trial court granted appellee’s motions for summary judgment but did not specify the ground or grounds it relied upon for its ruling.  “When a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious.”  
Bradley v. State ex. rel. White
, 990 S.W.2d 245, 247 (Tex. 1999).  Because we have held that there is no evidence of one or more essential elements of appellants’ fraud/fraudulent inducement, negligent misrepresentation, and civil conspiracy claims, we do not need to address whether the trial court could have also granted summary judgment in favor of appellee based on his affirmative defenses.  
See id
.; 
see also
 
Tex. R. App. P.
 47.1.  We overrule appellants’ sixth issue. 

VIII. Conclusion

Having overruled all of appellants’ issues, we affirm the trial court’s judgment.  

TERRIE LIVINGSTON

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DELIVERED:  July 28, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Later, Henry stated in an affidavit that he intended “Robert E. Scott” to mean Robert E. Roper and Scott Roper. 

3:
Henry’s corporation then became REI, the other named appellant.

4:
Kiec worked for Roland, Criss & Company, a business broker that appellee hired to find a business for him to purchase.