ACCEPTED
12-14-00280-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/12/2015 4:16:32 PM
CATHY LUSK
CLERK

**NO. 12-14-00280-CV**

_____

IN THE COURT OF APPEALS FOR THE TWELFTH DISTRICT, TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
2/12/2015 4:16:32 PM
CATHY S. LUSK
Clerk

_____

**TONDA HARRIS HELMS**
*Appellant,*
**v.**
**MARY FRANCES SWANSEN**
*Appellee.*

_____

On Appeal from Cause No. 62,602-A
In the County Court at Law #2 in and for Smith County, Texas
Honorable Randall Lee Rogers, Presiding Judge

_____

**APPELLANT'S BRIEF**

_____

Jonathan Wharton
SNOW E. BUSH, JR., P.C.
Texas State Bar No. 24075764
420 N. Center Street
Longview, TX 75601
Tel. (903) 753-7006
Fax (903) 753-7278
jonathanwharton1@sbcglobal.net
**ATTORNEY FOR APPELLANT**
**TONDA HARRIS HELMS**

February 12, 2015

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Rule 38.1(a) of the Texas Rules of Appellate Procedure, Appellant lists the following parties affected by this appeal, and their respective appellate and trial counsel:

Appellant: Tonda Harris Helms

Jonathan Wharton
Snow E. Bush, Jr., P.C.
420 N. Center Street
Longview, TX 75601
Tel. 903.753.7006
Fax 903.753.7278
jonathanwharton1@sbcglobal.net
**Appellate Counsel for Tonda Harris Helms**

Taylor J. Harris
15272 St. Hwy. 64 West
Tyler, Texas 75704
Tel. 903.530.8188
taylorjharris@gmail.com
**Trial Counsel for Tonda Harris Helms**

Appellee: Mary Frances Swansen

Robert G. Hindman
5620 Old Bullard Road
Suite 105
Tyler, TX 75703-4358
Tel. 903.581.9960
Fax 903.534.0647
attorney@tyler.net
**Trial and Appellate Counsel for Mary Frances Swansen**

# TABLE OF CONTENTS

**IDENTITY OF PARTIES AND COUNSEL** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**TABLE OF CONTENTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**INDEX OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**STATEMENT OF THE CASE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**NO REQUEST FOR ORAL ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**ISSUES PRESENTED** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**STATEMENT OF FACTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**SUMMARY OF THE ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**PRAYER** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

**CERTIFICATE OF SERVICE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

**APPENDIX** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

# INDEX OF AUTHORITIES

## STATUTES

Tex. Civ. Prac. & Rem. Code § 38.001. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

Tex. Civ. Prac. & Rem. Code § 38.002. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14, 38

## RULES

Tex. R. Civ. P. 279 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Tex. R. Civ. P. 296 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tex. R. Civ. P. 297 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tex. R. Civ. P. 298 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 17, 28

Tex. R. Civ. P. 299 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## CASES

Anderson v. City of Seven Points, 806 S.W.2d 791 (Tex. 1991) . . . . . . . . . . . . . 15

Asai v. Vanco Insulation Abatement, Inc., 932 S.W.2d 118 (Tex. App.—El Paso 1996, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Blockbuster, Inc. v. C-Span Entm't, Inc., 276 S.W.3d 482 (Tex. App.—Dallas 2008, pet. granted, judg't vacated w.r.m.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Brainard v. Trinity Universal Ins. Co., 216 S.W.3d 809 (Tex. 2006) . . . . . . . . . . 39

Burges v. Mosley, 304 S.W.3d 623 (Tex. App.—Tyler 2010, no pet.). . . . . . . . . 24

Burns v. Rochon, 190 S.W.3d 263 (Tex. App.—Houston [1st Dist.] 2006, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Chavez. v. McNeely, 287 S.W.3d 840 (Tex. App.—Houston [1st Dist.] 2009, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Cherokee Water Co. v. Forderhause, 741 S.W.2d 377 (Tex. 1987). . . . . . . . . . . 31

City of Keller v. Wilson, 168 S.W.3d 802 (Tex. 2005) . . . . . . . . . . . . . . . . . . . . . 22

City of Laredo v. Montano, 414 S.W.3d 731 (Tex. 2013). . . . . . . . . . . . . . . . . . . 37

COC Serv., Ltd. v. CompUSA, Inc., 150 S.W.3d 654 (Tex. App.—Dallas 2004, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Cruz v. Andrews Restoration, Inc., 364 S.W.3d 817 (Tex. 2012). . . . . . . . . . . . . 33

Denver City Indep. Sch. Dist. v. Moses, 51 S.W.3d 386 (Tex. App.—Amarillo 2001, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

D. Houston, Inc. v. Love, 92 S.W.3d 450 (Tex. 2002) . . . . . . . . . . . . . . . . . . . . . 17

DiGiuseppe v. Lawler, 269 S.W.3d 588 (Tex. 2008) . . . . . . . . . . . . . . . . . . . . . . 31

Eikenhorst v. Eikenhorst, 746 S.W.2d 882 (Tex. App.—Houston [1st Dist.] 1988, no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

El Apple I, Ltd. v. Olivas, 370 S.W.3d 757 (Tex. 2012) . . . . . . . . . . . . . . . . . . . 37

Federal Sign v. Texas S. Univ., 951 S.W.2d 401 (Tex. 1997) . . . . . . . . . . . . . . . 24

Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394 (1981). . . . . . . . . . . . . . . . 22

Fiduciary Fin. Serv. of the Sw., Inc. v. Corilant Financial, LP, 376 S.W.3d 253 (Tex. App.—Dallas 2012, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Fort Worth Indep. Sch. Dist. v. Fort Worth, 22 S.W.3d 831 (Tex. 2000) . . . . 25, 26

Garland Community Hospital v. Rose, 156 S.W.3d 541 (Tex. 2004) . . . . . . . . . . 21

Gentry v. Squires Const., Inc., 188 S.W.3d 396 (Tex. App.—Dallas 2006, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32, 33

Hathaway v. General Mills, Inc., 711 S.W.2d 227 (Tex. 1986) . . . . . . . . . . . . . . . 30

In re Weekley Homes, L.P., 180 S.W.3d 127 (Tex. 2005) . . . . . . . . . . . . . . . . . . 22

J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223 (Tex. 2003). . . . . . . . . . . . . . 20, 23

Lamajak, Inc. v. Frazin, 230 S.W.3d 786 (Tex. App.—Dallas 2007, no pet.) . . . . 27

Lindner v. Hill, 673 S.W.2d 611 (Tex. App.—San Antonio 1984, *aff'd* Lindner v. Hill, 691 S.W.2d 590 (Tex. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 29

Mathis Equipment Co. v. Rosson, 386 S.W.2d 854 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Meadows v. Bierschwale, 516 S.W.2d 125 (Tex. 1974) . . . . . . . . . . . . . . . . . . . 34

Miles v. Martin, 321 S.W.2d 62 (Tex. 1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Myrad Properties v. LaSalle Bank Nat'l Ass'n, 300 S.W.3d 746 (Tex. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Okemah Const., Inc. v. Barkley-Farmer, Inc., 583 S.W.2d 458 (Tex. Civ. App.—Houston [1st Dist.] 1979, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Schlueter v. Schlueter, 975 S.W.2d 584, 588 (Tex. 1998). . . . . . . . . . . . . . . . . . 34

Simmons v. Compania Financiera Libano, 830 S.W.2d 789 (Tex. App.—Houston [1st Dist.] 1992, writ denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Southern v. Goetting, 353 S.W.3d 295 (Tex. App.—El Paso 2011, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Stafford v. S. Vanity Magazine, Inc., 231 S.W.3d 530 (Tex. App.—Dallas 2007, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

5

State Dept. Highways v. Payne, 838 S.W.2d 235 (Tex. 1992). . . . . . . . . . . . . . 18, 20

Stretcher v. Gregg, 542 S.W.2d 954 (Tex. App.—Texarkana 1976, no writ) . . . . . .20

Texas Capital Securities, Inc. v. Sandefer, 58 S.W.3d 760 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .32, 33

Texas E. Transmission Corp. v. Sealy Ind. School Dist., 572 S.W.2d 49 (Tex. App.—Houston [1st Dist.] 1978, no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Thigpen v. Locke, 363 S.W.2d 247 (Tex. 1962). . . . . . . . . . . . . . . . . . . . . . . . 34, 35

Tony Gullo Motors I, LP v. Chapa, 212 S.W.3d 299 (Tex. 2006). . . . . . . . . . . 39, 40

T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218 (Tex. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 26, 27, 30

United Nat'l Ins. Co. v. A.M.J. Investments, L.L.C., No. 14-12-00941-CV (Tex. App.—Houston [1st Dist.] 2014, pet. filed) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Valero Mkg. & Supply Co. v. Kalama Int., L.L.C., 51 S.W.3d 345 (Tex. App.—Houston [1st Dist.] 2001, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 29

Vickery v. Commission for Lawyer Discipline, 5 S.W.3d 241 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 18, 19

West Anderson Plaza v. Feyznia, 876 S.W.2d 528 (Tex. App.—Austin 1994, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Western Reserve Life Assurance Co. of Ohio v. Graben, 233 S.W.3d 360 (Tex. App.—Ft. Worth 2007, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Winkle Chevy-Olds-Pontiac, Inc. v. Condon, 830 S.W.2d 740 (Tex. App.—Corpus Christi 1992, writ dism'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Worford v. Stamper, 801 S.W.2d 108 (Tex. 1990). . . . . . . . . . . . . . . . . . . . . . . . 16

## STATEMENT OF THE CASE

The plaintiff filed suit for breach of contract. CR 4-9. After a bench trial, the trial court awarded the plaintiff recovery of a specific piece of property, namely a trailer, as well as attorneys' fees. CR 74-77.

## REQUEST FOR ORAL ARGUMENT

Because the case is relatively complex and has a convoluted fact pattern, oral argument may assist the court's decisional process.

## ISSUES PRESENTED

1. What is the effect of the trial court's refusal to file additional findings of fact after a request?

2. Is there any evidence of consideration for the alleged oral contract?

3. Is the alleged oral contract insufficiently definite for enforcement?

4. Is there any evidence that the alleged contract was breached?

5. Was it proper for the trial court to award recovery of a specific piece of property for a simple breach of contract?

6. Is there sufficient evidence of attorneys' fees?

7. Did the plaintiff's attorney properly segregate his attorneys' fees by cause of action?

8. Did the plaintiff's attorney properly segregate his attorneys' fees by time relative to the date of presentment of his breach of contract claim?

## STATEMENT OF FACTS

According to the plaintiff, Mary Swansen, the story proceeds as follows. The next four paragraphs are based entirely on her testimony unless otherwise noted.

Sometime in the beginning of 2007, the plaintiff bought a 20-foot mobile home (also called a park trailer because it is so small) worth $50,000 for $33,000 in 2006. 1 RR 7-9 & 13; Defendant's Exhibit 1 (attached to the end of Volume 1 of the Reporter's Record). She rented a lot for it from the Appellant, Tonda Helms, for $225 per month. 1 RR 14. After about a year, the plaintiff married a man in Kansas who already had a home, so she decided to get rid of it. 1 RR 15. Since a realtor's office did not want to sell it for her, she decided to sell it through Appellant, her landlord. 1 RR 16. The plaintiff asked Appellant to offer it at $50,000 and then gradually reduce the asking price to $25,000. 1 RR 18.

There was no written contract between the parties. 1 RR 17. There was no obligation flowing from the plaintiff to Appellant: at the time, the plaintiff did not owe any rent, as she had paid every month. 1 RR 14. Lot rent did not continue to accumulate after she asked Appellant to sell the trailer for her, either, so no money was owed to Appellant at all. 1 RR 18. No money was to be made by Appellant. 1 RR 19.

Soon thereafter, Appellant sold the trailer to a man for monthly payments. 1 RR

19. The plaintiff found out in January of 2010 and filed a suit in small claims court. 1 RR 20. When the judge announced that she would not prevail, she began crying, so he changed his decision so that she would recover the trailer. 1 RR 22. On appeal to the County Court at Law #3 for Smith County, her case was dismissed. 1 RR 23-24. Her representative on appeal was Appellant's former handyman, Nathan McCarty, an unlicensed individual. 2 RR 28-29 & 39-40; Exhibit 5. According to him, he cannot read but is able to copy whatever he sees. 2 RR 40-41. Her original appellate attorney had withdrawn due and put in the motion that he had a conflict with her, but that was not his real reason. 2 RR 17. "He preferred to say that than what he told me, that he didn't work with a crooked judge." 2 RR 17 at 16-17. The plaintiff then went to another justice of the peace to get a writ of possession. He refused to accept a check, demanding cash, and after she put $150 in his hand, he slammed the door shut and refused to do anything else. 1 RR 25-26.

She filed judicial complaints against all three judges that had handled the case. 2 RR 20. Afterwards, she contacted the local sheriff, the constable, the Texas Rangers, and the U.S. Attorney's office but each refused to get involved. 1 RR 32-33 & 35. The plaintiff ultimately filed this suit in 2013, claiming that an oral contract between the parties had been breached. CR 4-7. She did not file it as conversion claim because the statute of limitations had already run. 1 RR 31.

Appellant had a very different recollection of events. According to her, the trailer was given to her in payment for back rent that was owed. 2 RR 44-45, 51-52 & 58. Appellant buys and sells mobile homes often, particularly when back rent is owed, but ordinarily it is done through a bank mortgage. 2 RR 53-54. When the bank forecloses and sells a mobile home owned by someone that owes Appellant for rent, she bids on it, and if she wins, then she deducts the amount owed to her from the payment she makes on the trailer. 2 RR 54. The arrangement is similar to an offset.

This sale worked somewhat differently because there was no bank involved. Appellant made efforts to sell the home, including putting ads in the Tyler Paper and the Thrifty Nickel and placing signs in front of the park and on the home. 2 RR 103. But the house did not sell and lot rent continued to accrue month after month while the trailer sat on Appellant's property. 2 RR 86 at 10-15; 2 RR 94. Since the plaintiff was going to lose the home anyway, and her debt to Appellant was accumulating, she gave it to Appellant as full payment for money owed. 2 RR 52. 2 RR 64.

The plaintiff admitted that she declared bankruptcy in May of 2008. 1 RR 58 at 8-10; Exhibit 2, Page 2. In the bankruptcy petition, she listed herself as owning no real property and a total of $5,575 in personal property (including clothing, jewelry, books, and a 2006 Saturn Ion). 1 RR 64-66. She did not include the trailer she valued at $50,000 in that list. 1 RR 64-66; Exhibit 2, Page 17-19. According to her, she

10

forgot about it. 1 RR 67 at 3-5. Her debts totaled $142,561.00. Exhibit 2 at Page 33.

The buyer for the trailer was found in September of 2009, after the trailer would have gone to the plaintiff's creditors in bankruptcy if she had kept it herself. 2 RR 87 at 21-23. Nevertheless, the plaintiff has tried two times without legal process to remove the home from Appellant's property. 2 RR 88.

The trial court found that a contract existed between the parties and that it had been breached and awarded the plaintiff recovery of the trailer home and attorneys' fees. CR 74-77.

## SUMMARY OF THE ARGUMENT

The trial court, after request, made findings of fact but refused to file additional findings on certain key elements of the plaintiff's breach of contract case, including what the consideration for the contract was, what the material terms of the contract were, what terms were breached, and the date of presentment of the breach of contract claim. The missing findings cannot be deemed or presumed on appeal because there was a timely request that notified the trial court of the problem. Therefore, elements of the plaintiff's case are absent, which results in a take-nothing judgment.

Even if there were presumed or deemed findings in favor of the judgment, there is no evidence of consideration. The plaintiff's case rests on the notion that Appellant gratuitously agreed to sell her trailer home for her. That is not a contract because it

11

lacks consideration.

The alleged contract is also insufficiently definite to be enforced. It is entirely unclear from the record what the terms were supposed to have been. Without guidance as to the rights and obligations of each party, a contract is unenforceable.

There is no evidence of breach. In the findings and judgment, the agreement was that Appellant would sell the plaintiff's trailer. The trailer was sold. The findings and judgment indicate that there was a breach because Appellant put her name on the title to the trailer, but there was no agreement in the original terms that Appellant would not do that.

There is also no evidence to support the award of attorneys' fees. The plaintiff's attorney elected to proceed under the lodestar method but he did not detail what he did and how long it took him. He merely stated that his time is worth $250 an hour and he has accumulated $12,938.85 in bills. Dividing that out, it means that he spent 51.7554 hours on the case, but more specificity is required in order for the judge to be able to consider the reasonableness and necessity of the activities performed in the case.

Even if there is evidence to support the award of attorneys' fees, they have not been segregated by cause of action. The plaintiff proceeded under multiple other legal theories which were abandoned after trial. He did not segregate work performed in

12

those causes out from the breach of contract action.

The plaintiff's attorney also did not segregate his fees by time relative to presentment. He stated that he made presentment after suit was filed but failed to say the precise date, and he did not state which fees were incurred before rather than after the presentment. Since fees incurred before the date of presentment are not recoverable, a new trial on attorneys' fees is required to segregate our recoverable from unrecoverable fees.

## ARGUMENT

## I. Refusal to Make Additional Findings of Fact and Conclusions of Law

### A. Introduction

After the court entered its final judgment, Appellant timely filed a Request for Findings of Fact and Conclusions of Law under Tex. R. Civ. P. 296. CR 88-89. The trial court did not file its findings within the twenty-day time period prescribed by Tex. R. Civ. P. 297, so Appellant filed and served a Notice of Past Due Findings of Fact and Conclusions of Law. CR 91-92. After Appellee filed her proposed findings, the trial court signed and adopted them. CR 102-106. These findings abandoned several of the plaintiff's causes of action, including breach of trust and breach of fiduciary duty. CR 5. The only remaining cause of action was breach of contract. *See* CR 102-106.

The findings did not include all the essential elements of a breach of contract: there are no findings on what the terms of the contract were, what term was breached, or what was the consideration given by each party. *See* CR 102-106. The only finding of fact on the existence of the contract is a conclusory statement that "the parties entered into a valid oral contractual agreement via the exchange of mutual promises under which Defendant agreed to find a buyer for the park model home." CR 102. Since these facts are critical to the outcome of this appeal, Appellant filed a Request

14

for Additional or Amended Findings of Fact and Conclusions of Law. CR 97-98. The following findings were requested:

1. The consideration given by each party to the contract.
2. The material terms of the contract between the parties.
3. Which material term was breached, and by what specific act.
4. The date the claim for breach of contract was presented to the Defendant under Tex. Civ. Prac. & Rem. Code § 38.002.

CR 97. The trial court never filed any additional findings.

## B. Effect of Failure to File Additional or Amended Findings

The Rules clearly state the effect of a court's refusal to make appropriate findings: "No findings or conclusions shall be deemed or presumed by any failure of the court to make any additional findings or conclusions." Tex. R. Civ. P. 298. Since the findings of fact are treated as jury verdicts on special questions, Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991), and it is axiomatic that all essential elements of a claim must be found in order for recovery, it would seem straightforward that, after notice, failing to find an essential element of a claim would result in a take-nothing judgment. The path to that simple result is complicated, though, and it depends in large part on the efforts of the parties to preserve error.

If there is neither a reporter's record nor findings of fact, the appellate court assumes the trial court heard sufficient evidence to make any and all the necessary findings to support the judgment. Vickery v. Commission for Lawyer Discipline, 5

S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). In other words, the appeal is immediately lost and there is no appellate review.

If a reporter's record is filed but no findings of fact are requested or made, it is again implied that the trial court made any and all necessary findings to support the judgment. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990). But since there is a reporter's record, the appellate court can review the sufficiency of the evidence to support those implied findings. *See id.* The court affirms the judgment if it can be supported by any legal theory in the evidence. *Id.*

If a reporter's record is filed and findings of fact are made, the findings will be sustained if there is any evidence to support them (instead of the judgment). Lindner v. Hill, 673 S.W.2d 611, 614 (Tex. App.—San Antonio 1984, *aff'd* Lindner v. Hill, 691 S.W.2d 590 (Tex. 1985). Rather than pore over an entire record and create a set of hypothetical findings for all the determinative facts of the case, the court of appeals only looks to the findings of fact and decides whether they are supported by the evidence. This approach narrows the issues on appeal: the factual findings are the equivalent of a jury verdict on special issues. *Id.*

The question remains of what to do if necessary findings are omitted. For example, if a plaintiff sues for negligence, and the trial court makes findings that the defendant had a duty to exercise reasonable care, the defendant caused the plaintiff's

16

injuries, and the injuries are compensable in the amount of $100,000, there is an omitted element of the case: the trial court did not make a finding that the defendant breached its duty of care. D. Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002) (stating essential elements of a negligence claim). Does the court revert to the default approach of affirming so long as the omitted findings have support in the evidence?

There are two steps to answer this question. First, the appellate court determines whether the omitted finding is of an entire ground of recovery or defense, no element which has been found by the trial court. Tex. R. Civ. P. 299. In that case, the ground of recovery or defense is waived. Tex. R. Civ. P. 299 ("The judgment may not be supported upon appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings of fact."). If at least one element of the ground of recovery or defense is included in the findings, the next question is whether the complaining party notified the trial court of the omitted elements. If no complaint was made (via request), the unrequested elements are supplied by presumption. Tex. R. Civ. P. 299 ("[W]hen one or more elements thereof have been found by the trial court, omitted unrequested elements, when supported by evidence, will be supplied by presumption in support of the judgment"). If the trial court is notified of the omission, the ground of recovery or defense is waived. Tex. R. Civ. P. 298 ("No findings or conclusions shall be deemed or presumed by any

failure of the court to make any additional findings or conclusions.")

It works similarly to omissions from a jury charge: if the entire ground of recovery or defense is omitted, that ground of recovery or defense is waived entirely. Tex. R. Civ. P. 279. If one or more elements of the ground of recovery or defense is submitted, but others are omitted, and no objection or request is made, then the omitted elements are supplied by implication. Tex. R. Civ. P. 279. But if an essential element is not submitted, and the defect is brought to the court's attention in a timely manner by request, and the jury charge is still submitted in that defective manner, the result is a take-nothing judgment. State Dept. Highways v. Payne, 838 S.W.2d 235, 241 (Tex. 1992). The answers to the special issues do not include all the necessary elements of the claim, and without all essential elements, a claim fails. *See id.*

This system is designed to avoid reversal by inadvertent omission: if neither litigant brings the problem to the court's attention, the problem is waived. Vickery v. Commission for Lawyer Discipline, 5 S.W.3d 241, 254 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). As with a trial objection, it is incumbent on the appealing party to point out distinctively the issue to the trial court to give it an opportunity to correct the mistake. *Id.* The objection cannot be confounded by voluminous unfounded objections. *Id.* The requested findings must relate to the ultimate or controlling legal issues, not just issues of evidence. Texas E. Transmission Corp. v.

<u>Sealy Ind. School Dist.</u>, 572 S.W.2d 49, 51 (Tex. App.—Houston [1st Dist.] 1978, no writ).

It is also insufficient to make a request for negative findings. *Id.* The trial court is under no obligation to make a finding that is contrary to findings already entered. <u>Asai v. Vanco Insulation Abatement, Inc.</u>, 932 S.W.2d 118, 122 (Tex. App.—El Paso 1996, no writ); <u>Simmons v. Compania Financiera Libano</u>, 830 S.W.2d 789, 793 (Tex. App.—Houston [1st Dist.] 1992, writ denied); <u>Eikenhorst v. Eikenhorst</u>, 746 S.W.2d 882, 887 (Tex. App.—Houston [1st Dist.] 1988, no writ). Logically, it would make no sense for the losing party to request the trial court to make findings of fact that conflict with its own judgment. The purpose of the rule is to require the trial court to specify the basis for its own decision, thus narrowing the issues on appeal. That purpose is not served by requiring the submission of proposed findings that will be summarily rejected and ignored.

The situation we are left with is one in which the trial court has made findings of fact, including one element of a ground of recovery or defense, but which omit other elements of that ground of recovery or defense, and a party has made a request for a finding on the omitted elements. In that scenario, the omission is no longer inadvertent: it is deliberate. <u>Vickery v. Commission for Lawyer Discipline</u>, 5 S.W.3d 241, 253 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). The omitted element

19

is not presumed, deemed, or implied: it is absent from the appeal. The ground of recovery or defense is lost because it lacks an essential element; one element has not been proven. *See* Stretcher v. Gregg, 542 S.W.2d 954, 957-58 (Tex. App.—Texarkana 1976, no writ) (party asserted defense of cancellation of a contract; by the contract's terms, cancellation had to be in writing; trial court found the contract was canceled but refused to find that written cancellation was made; judgment could not be affirmed based on cancellation); *cf.* State Dept. Highways v. Payne, 838 S.W.2d 235, 241 (Tex. 1992) (take-nothing judgment due to failure to submit all elements of a claim to jury).

## C. *Application*

Here, the trial court found that Appellant breached a contract. CR 102-106. But the findings do not include several essential elements for a breach of contract recovery. "Consideration is an essential element for a valid, enforceable contract." J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 235 (Tex. 2003). Further, "In order to be legally binding, a contract must be sufficiently definite in its terms so that a court can understand what the promisor undertook." T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218, 221 (Tex. 1992). Finally, breach is an essential element of a breach of contract claim. Valero Mkg. & Supply Co. v. Kalama Int., L.L.C., 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.). In other words, the

20

trial court omitted several essential elements of a breach of contract, the only cause of action for which any element was found. *See* CR 102-106. The trial court and Appellee were timely notified of the deficiencies by a request for additional or amended findings of fact on those precise issues. CR 97-98. Appellee did not submit the necessary additional or amended findings of fact. The trial court did not file any additional or amended findings on its own. As a result, essential elements that cannot be deemed or presumed are absent from the findings, and recovery cannot be had. The judgment must be reversed and a take-nothing judgment rendered. In the alternative, the trial court must be instructed to submit additional or amended findings.

## II. No Evidence of Consideration

### A. *Introduction*

Even if deemed or presumed findings exist in favor of the judgment, there is still no evidence of several essential elements for breach of contract, including consideration. The plaintiff pled breach of contract instead of conversion to avoid the statute of limitations. 1 RR 31 at 4-8. That, of course, is no excuse for failing to meet the legal elements. In fact, courts are generally very skeptical of "artful pleading" designed to avoid the rule of law. *See*, *e.g.*, Garland Community Hospital v. Rose, 156 S.W.3d 541, 543 (Tex. 2004) ("Plaintiffs cannot use artful pleading to avoid the [Medical Liability and Insurance Improvement Act's] requirements when the essence

21

of the suit is a health care liability claim."); In re Weekley Homes, L.P., 180 S.W.3d 127, 131-32 (Tex. 2005) ("Under both Texas and federal law, whether a claim seeks a direct benefit from a contract containing an arbitration clause turns on the substance of the claim, not artful pleading."); Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 408-09 (1981) ("[I]t would be unacceptable to permit that very plaintiff, by the artful manipulation of the terms of a complaint, to defeat a clearly enunciated congressional objective.").

In the no-evidence context, the evidence must be viewed in the light most favorable to the plaintiff. City of Keller v. Wilson, 168 S.W.3d 802, 819 (Tex. 2005) ("If the parties to an oral contract testify to conflicting terms, a reviewing court must presume the terms were those asserted by the winner."). Only the plaintiff's evidence is outlined below.

Before the transfer of the trailer to the defendant's custody, the plaintiff was paying monthly lot rent for use of the space. 1 RR 14 at 7-14. But once the trailer was handed to the defendant, the plaintiff did not pay her anything monthly, like rent. 1 RR 18 at 16-25. No more lot rent was paid or accumulated in favor of the landlord "because she's responsible for the house." 1 RR 18 at 18-21.

The plaintiff insisted that she had no obligation to the defendant with respect to this arrangement.

22

> Q: And if she was to get any money once she sold the thing, was she supposed to get her money at that time for the—up until that time for the—
> A: For the rent? No.
> Q: Well, I'm talking for the lot because she's trying to sell it.
> A: No.

1 RR 19 at 3-9. She further insisted "I never owed that woman one penny." 1 RR 29 at 15.

> Q: Now, was there ever any exchange of money between the two of you for the—for this contract?
> A: I have said over and again, no, there was no contract. It's what is usual—it's what the usual policy is.
> Q: So let me ask my question again. Was there ever any exchange of money or goods or services between the two of you to support this contract.
> A: Well, she sent two 200-dollar checks she owed me.
> Q: Ms. Swansen, at the time that you made this agreement—
> A: No.

2 RR 25-26.

### B. Law

"Consideration is an essential element for a valid, enforceable contract." J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 235 (Tex. 2003). Without it, there is no enforceable contract between the parties. Agreements to gratuitously perform actions for other people are not enforceable. *See* English v. Fischer, 660 S.W.2d 521, 523 (Tex. 1983). The plaintiff could have pursued a promissory estoppel claim to avoid the requirement of consideration but she chose not to. *See id.* As a result, she must

23

satisfy the legal elements of a breach of contract claim. It is worth noting that although consideration is presumed in a written contract, it is not presumed for an oral contract. *Compare* Okemah Const., Inc. v. Barkley-Farmer, Inc., 583 S.W.2d 458, 460 (Tex. Civ. App.—Houston [1st Dist.] 1979, no writ) *to* Blockbuster, Inc. v. C-Span Entm't, Inc., 276 S.W.3d 482, 488 (Tex. App.—Dallas 2008, pet. granted, judg't vacated w.r.m.)

Consideration is a bargained-for exchange of promises; it consists of benefits and detriments to the contracting parties. Federal Sign v. Texas S. Univ., 951 S.W.2d 401, 409 (Tex. 1997). "Lack of consideration occurs when the contract, at its inception, does not impose obligations on both parties." Burges v. Mosley, 304 S.W.3d 623, 628 (Tex. App.—Tyler 2010, no pet.).

### C. Application

It is entirely unclear what the consideration could be in this case: what obligation was imposed on the plaintiff? The "contract," as described in the findings, was "a valid oral contractual agreement via the exchange of mutual promises under which Defendant agreed to find a buy for the park model home." CR 102. What the plaintiff described is not an "exchange of mutual promises" because there is no obligation on her. According to her, Appellant gratuitously offered to sell her trailer for her. *See* 1 RR 17-18. Later in the findings, the contract is described as "the oral

24

contract to hold such title until a buyer could be find." CR 103. Again, that does not describe consideration.

Since there is no evidence on this essential element of the plaintiff's breach of contract claim, a take-nothing judgment must be rendered.

## III. Indefinite Contract

### A. *Introduction*

Not only is there no consideration to the contract, the entire nature of the contract is unclear. The findings refer to the contract as "a valid oral contractual agreement via the exchange of mutual promises under which Defendant agreed to find a buy for the park model home." CR 102. They also describe it as "the oral contract to hold such title until a buyer could be find." CR 103. What rights and obligations were conferred by the contract are unknown.

### B. *Law*

Indefiniteness is a question of law for the court. Fiduciary Fin. Serv. of the Sw., Inc. v. Corilant Financial, LP, 376 S.W.3d 253, 256 (Tex. App.—Dallas 2012, pet. denied). "The rules regarding indefiniteness of material terms of a contract are based on the concept that a party cannot accept an offer so as to form a contract unless the terms of that contract are reasonably certain." Fort Worth Indep. Sch. Dist. v. Fort Worth, 22 S.W.3d 831, 846 (Tex. 2000). "In order to be legally binding, a contract

must be sufficiently definite in its terms so that a court can understand what the promisor undertook." T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218, 221 (Tex. 1992). Each material term must be agreed upon. *Id.* For example, in an agreement to loan money, the material terms include the amount to be loaned, maturity date of the loan, the interest rate, and the repayment terms. *Id.* If there is no evidence of any of those terms, the contract fails for indefiniteness. *Id.* "It is well settled law that when an agreement leaves material matters open for future adjustment and agreement that never occur, it is not binding upon the parties and merely constitutes an agreement to agree." Fort Worth Indep. Sch. Dist. v. Fort Worth, 22 S.W.3d 831, 846 (Tex. 2000).

"Fatal indefiniteness in an agreement may concern the time of performance, the price to be paid, the work to be done, the service to be rendered or the property to be transferred." COC Serv., Ltd. v. CompUSA, Inc., 150 S.W.3d 654, 664 (Tex. App.—Dallas 2004, pet. denied). For example, in a divorce, it is too vague for a mother to agree to "continue to pay as much as possible toward [her son's] needs, limited only by her personal financial situation." Chavez. v. McNeely, 287 S.W.3d 840, 845 (Tex. App.—Houston [1st Dist.] 2009, no pet.). In a lease, failing to identify a term for the lease and failing to provide dates for commencing and ending the lease results in a contract being indefinite. Southern v. Goetting, 353 S.W.3d 295, 300

(Tex. App.—El Paso 2011, pet. denied). Specific evidence must be adduced as to the obligations and liabilities of both parties: if the only evidence in the record on a party's obligation under a contract is that "[the contracting party] told [the other party] he had contacts and outlets and he could 'help [the other party] do all this stuff,'" that is insufficient. Lamajak, Inc. v. Frazin, 230 S.W.3d 786, 795 (Tex. App.—Dallas 2007, no pet.).

## B.    Facts

In this case, the alleged contract is so vague as to be meaningless. The plaintiff asserted that the trailer was to be held by Appellant until it was sold. 1 RR 18. How long was it to be held for? Would Appellant have been liable if the trailer were never sold? Was she required to use best efforts to procure a buyer? By what terms could the trailer have been sold: rent-to-own, cash payment, or periodic payments? None of these terms are in the record. Even further, there is absolutely no guidance as to what the obligations of the plaintiff would be. Would she be liable to pay Appellant a fee or a portion of the money received for the trailer? Would she have to advise her throughout the process? Were there any other duties for her? Were there no duties at all? Again, it is entirely unclear. As a result, the contract fails for lack of definiteness, and a take-nothing judgment must be rendered. *See* T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218, 224 (Tex. 1992) (rendering take-nothing judgment on

contract claim due to indefiniteness).

## IV.    No Evidence of Breach

### A.    *Introduction*

Even if there were an enforceable contract between the parties, due to the lack of findings on the issue, it would be difficult to determine what the contractual obligations of the parties were. *See supra* Parts I & III. According to the findings of fact, there was "a valid oral contractual agreement via the exchange of mutual promises under which Defendant agreed to find a buyer for the park model home." CR 102. The findings go on regarding breach as follows:

> 6.    In May 2010, after the conclusion of litigation in a justice court in Smith County, Texas which had resulted in a judgment unfavorable to Defendant, without the knowledge or consent of the Plaintiff, and without payment of any consideration, the Defendant breached the oral contract to hold such title until a buyer could be found.
>
> 7    In May 2010 the Defendant, unilaterally and without the payment of any consideration for the sale of such park model home, wrongfully affixed her own name to the application for title as Buyer and then remitted the title to the said park model home to the State of Texas further breaching such oral contract and resulting in the issuance of a new certificate of title by the state of Texas reflecting Defendant as owner.

CR 103. There is no dispute that Appellant put her name on the title, but that is not a breach of the plaintiff's alleged contract. It is also important to note that there are

no findings that the contract was breached by the failure, if any, to send payments made for the sale of the home to the plaintiff.

### B. Law

Unsurprisingly, breach is an essential element of a breach of contract cause of action. Valero Mkg. & Supply Co. v. Kalama Int., L.L.C., 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.). "When the evidence is undisputed regarding a person's conduct under a contract, the court as a matter of law determines whether the conduct shows performance or breach of a contract obligation." *Id.*

### C. Application

There is no dispute that Appellant put her name on the title. The issue here is whether that is a breach of the plaintiff's alleged contract. According to the findings, the contract required Appellant to find a buyer for the home. CR 103. She did find a buyer (at least at one point) and received money from him. 2 RR 57. The plaintiff wanted to receive money from that arrangement, but the findings did not find a breach based on failure to forward payments to her. *See* CR 102-06. That ground of recovery has been waived. Sufficiency of the evidence is measured by the findings of fact: the question here is whether the findings are supported by evidence. Lindner v. Hill, 673 S.W.2d 611, 614 (Tex. App.—San Antonio 1984, *aff'd* Lindner v. Hill, 691 S.W.2d 590 (Tex. 1985); Tex. R. Civ. P. 298 ("No findings or conclusions shall be deemed

29

or presumed by any failure of the court to make any additional findings or conclusions."). There is no pleading nor a finding that Appellant breached the contract by failing to forward payments for the home.

The only allegation is that Appellant breached the contract by filling in her name on the title. It is possible that it would be conversion if the trailer were not returned after a demand. *See* Burns v. Rochon, 190 S.W.3d 263, 268 (Tex. App.—Houston [1st Dist.] 2006, no pet.). But the plaintiff did not sue for conversion due to the statute of limitations. 1 RR 31. It is not a breach of contract. The terms of a contract are determined at the time of the original formation. *See* T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218, 221 (Tex. 1992) ("The material terms of the contract must be agreed upon *before* a court can enforce the contract.") (emphasis added). When the parties formed the alleged contract, the agreement did not include anything about the title. It could not have, because the plaintiff did not send Appellant the title until after the alleged contract would have been formed. 1 RR 20. That transfer was not Appellant's idea, but rather one of the plaintiff's neighbors. 1 RR 20. Any modification, such as an additional requirement that Appellant not affix her name to the title, would have to be supported by additional consideration. Hathaway v. General Mills, Inc., 711 S.W.2d 227, 228 (Tex. 1986). The findings expressly reject that there was any new or additional consideration for such a modification. CR

103.

## V.    **Award of Specific Property**

### *A.    Introduction*

After finding that Appellant breached the contract, no damages were awarded. CR 74-77. Rather, the court ordered the plaintiff to recover a specific piece of property from her, namely the trailer. CR 74-75. That is not a proper remedy for breach of contract.

### *B.    Law*

The ordinary remedy for breach of contract is damages. *See* DiGiuseppe v. Lawler, 269 S.W.3d 588, 593 (Tex. 2008) (explaining additional elements in breach of contract cases required in order to obtain specific performance). Extraordinary remedies include specific performance, rescission, and reformation.

Specific performance of the contract is clearly inapposite, as the remedy would be an order that Appellant perform under the contract. *See* Stafford v. S. Vanity Magazine, Inc., 231 S.W.3d 530, 535 (Tex. App.—Dallas 2007, pet. denied). Presumably, that would be done by selling the trailer, not returning it.

In the plaintiff's petition, she prays for "reformation." CR 6, Paragraph 6. But that does not quite fit. Reformation is a remedy for a mistake, typically mutual, such as a mistake in reducing an agreement to writing. *See, e.g.*, Cherokee Water Co. v.

Forderhause, 741 S.W.2d 377, 379 (Tex. 1987) ("The underlying objective of reformation is to correct a mutual mistake made in preparing a written instrument, so that the instrument truly reflects the original agreement of the parties."); Miles v. Martin, 321 S.W.2d 62, 67 (Tex. 1959) (mistake of law).

The last available remedy is rescission. "Rescission of contract is an equitable remedy, with the measure of damages generally being return of the consideration paid together with such further special damage or expense as may have been reasonably incurred by the party wronged on account of the contract." Denver City Indep. Sch. Dist. v. Moses, 51 S.W.3d 386, 391 (Tex. App.—Amarillo 2001, no pet.). The trailer was not the consideration paid by the plaintiff. As discussed above in Part II, there was no consideration. If there were any consideration, it would certainly not have been the trailer, which, according to the plaintiff, Appellant was not supposed to keep.

Further, rescission takes more than simple breach of contract. It "is an equitable remedy that operates to extinguish a contract that is legally valid but must be set aside due to fraud, mistake, or for some other reason to avoid unjust enrichment." Gentry v. Squires Const., Inc., 188 S.W.3d 396, 410 (Tex. App.—Dallas 2006, no pet.). For example, mutual mistake will allow it. Myrad Properties v. LaSalle Bank Nat'l Ass'n, 300 S.W.3d 746, 751 (Tex. 2009). Fraud also makes it available. Texas Capital

32

Securities, Inc. v. Sandefer, 58 S.W.3d 760, 773 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).

There are additional requirements to a breach of contract claim when seeking rescission, such as notice and tender. Cruz v. Andrews Restoration, Inc., 364 S.W.3d 817, 824 (Tex. 2012). "Notice and tender" means that the party requesting rescission must prove that he offered to put the other party in the position it was in before the contract was entered. *Id.* In other words, "before a rescission can be granted, the parties must be placed in status quo." Mathis Equipment Co. v. Rosson, 386 S.W.2d 854, 869-70 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.); *see also* Gentry, 188 S.W.3d at 410. Appellant paid taxes and insurance on the trailer while it was in her possession. 2 RR 60-63; Exhibits 6 & 7. Those expenses have not been repaid to her and were not awarded in the court's judgment. CR 74-77. The burden is on the plaintiff to prove that she paid those back. Rosson, 386 S.W.2d at 869-70.

There are other causes of action that allow for the recovery of specific pieces of property. The most obvious example is conversion: "A plaintiff who establishes conversion is entitled to return of the property and damages for loss of use during the tort-feasor's detention. Alternatively, the injured party can sue for the value of the property." Winkle Chevy-Olds-Pontiac, Inc. v. Condon, 830 S.W.2d 740, 746 (Tex. App.—Corpus Christi 1992, writ dism'd) (citations omitted). A constructive trust can

33

also be imposed after a finding of fraud in certain situations. *See, e.g.*, Schlueter v. Schlueter, 975 S.W.2d 584, 588 (Tex. 1998) (fraud on the community in divorce proceeding). It may also be imposed if there is a breach of fiduciary duty. Meadows v. Bierschwale, 516 S.W.2d 125, 128 (Tex. 1974) ("It is not essential for the application of the constructive trust doctrine that a fiduciary relationship exist between the wrongdoer and the beneficial owner. Actual fraud, as well as breach of a confidential relationship, justifies the imposition of a constructive trust."). Breach of contract is not enough to impose a constructive trust. "This court has held that mere breach of an oral contract is not fraud and that subsequent breach is not evidence that may be considered in determining whether or not there was fraud in the original transaction." Thigpen v. Locke, 363 S.W.2d 247, 252 (Tex. 1962). Fraud was neither pleaded nor proved in this case.

Neither did Appellee plead or prove the existence of any kind of fiduciary or confidential relationship between the parties. The landlord-tenant relationship is not one of trust and confidence in general. *See* West Anderson Plaza v. Feyznia, 876 S.W.2d 528, 534 (Tex. App.—Austin 1994, no writ) (finding that a landlord and tenant did not have a confidential or fiduciary relationship). And there are no specific facts or circumstances in this case that would establish the existence of such a relationship.

## C. *Conclusion*

Since the Appellee did not plead or prove any causes of action that would support the imposition of a constructive trust or the recovery of a specific piece of property, the court's judgment awarding the trailer to the Appellee was improper. There is no evidence to support that recovery, so that portion of the judgment must be reversed. Thigpen v. Locke, 363 S.W.2d 247, 253 (Tex. 1962) (affirming take-nothing judgment on request for imposition of a constructive trust).

## VI. No Evidence of Attorneys' Fees

### A. *Introduction*

The court awarded $11,443.67 in attorneys' fees. CR 105. The only evidence supporting that amount is the testimony of the plaintiff's attorney. He took the case on a forty percent contingency. 2 RR 78 at 13-15. He testified that the going rate for a case like this is $250 per hour. 2 RR 78 at 8-11. He flatly stated that "the amount of time expended on the case was necessary and reasonable in the representation of the client in this case. Totaled at $250 an hour, $12,938.85." 2 RR 78 at 20-22. Dividing $12,938.85 by $250 to find out the number of hours he spent arrives at 51.7554 hours, which is odd because very few attorneys take note of their time to the fourth decimal place. 0.0001 of an hour is equal to roughly a third of a second, so that would be refreshingly precise timekeeping. It also just so happens that the amount is

"equivalent" to his contingency fee if the trailer were worth $33,000, the amount the plaintiff says she paid for it. 2 RR 79 at 2-5; 2 RR 13 at 9-11. Mr. Hindman did not explain how much time he spent, what he spent his time on, the skill required to do whatever he did, the novelty or difficulty involved in the case, whether he was precluded from other work, time limitations imposed by the client, or his experience and reputation. *See* 2 RR 79-80.

## *B.* *Law*

Although the plaintiff in a breach of contract case does not have to use the lodestar method to prove up attorneys' fees, he may elect to do so. United Nat'l Ins. Co. v. A.M.J. Investments, L.L.C., No. 14-12-00941-CV at *23 (Tex. App.—Houston [1st Dist.] 2014, pet. filed) (quoting Long v. Griffin, Case No. 11-1021 at *4 (Tex. 2014) (per curiam) ("The affidavit supporting the Griffins' request for attorney's fees used the lodestar method by relating the hours worked for each of the two attorneys multiplied by their hourly rates for a total fee.")). Testifying to the number of hours worked and a reasonable hourly rate is an election to use the lodestar method. *Id.*

That election has consequences: "a party choosing the lodestar method of proving attorney's fees must provide evidence of the time expended on specific tasks to enable the fact finder to meaningfully review the fee application." Long, Case No. 11-1021 at *1. The testifying attorney should testify so that the court can discern how

36

many hours were required to perform each task in the representation and whether that time was reasonable. El Apple I, Ltd. v. Olivas, 370 S.W.3d 757, 763 (Tex. 2012). Although documentary evidence (such as time records or billing statements) is not required, "in all but the simplest cases, the attorney would probably have to refer to some type of record or documentation to provide this information." City of Laredo v. Montano, 414 S.W.3d 731, 736 (Tex. 2013).

### C.    Conclusion

Mr. Hindman's testimony lacks the specificity required by the lodestar method for calculating attorneys' fees. It is general and conclusory. He states the amount of time spent on the case without providing any means for the court to analyze whether the tasks performed were necessary and the time spent on them reasonable. That information must be provided so that the court can determine whether his analysis is correct.

The remedy for a failure to properly establish attorneys' fees by the lodestar method is a remand for a determination of the properly-documented amount. *See* El Apple I, Ltd. v. Olivas, 370 S.W.3d 757, 765 (Tex. 2012). The plaintiff will still have an opportunity to prove up her attorneys' fees.

## VII. Failure to Segregate Attorneys' Fees by Cause of Action

### A. *Introduction*

The plaintiff's attorney testified that he incurred $12,938.85 in attorneys' fees but he did not specify what he did. More importantly, he did not explain whether that work was done on the contract cause of action or one of the others. *See* 2 RR 78-79. He testified that he not only filed the case for breach of contract but also for a Declaratory Judgment. 2 RR 79 at 14-19. The plaintiff's petition does not mention the Declaratory Judgment Act. CR 4-9. It does mention trusts and breach of fiduciary duty, though. CR 5 (title was "left in trust" with Appellant); CR 6 (changing name on title was "in violation [of] Defendant's fiduciary duty under the oral contract to the Plaintiff at a time while the Defendant was holding the partially completed title application form as a fiduciary").

### B. *Law*

Attorney's fees are not recoverable for breach of fiduciary duty. <u>Western Reserve Life Assurance Co. of Ohio v. Graben</u>, 233 S.W.3d 360, 377 (Tex. App.—Ft. Worth 2007, no pet.). Attorney's fees are recoverable for breach of contract cases (assuming proper presentment). Tex. Civ. Prac. & Rem. Code § 38.001. When a plaintiff proceeds under two different claims, he must segregate out attorneys' fees incurred in prosecuting claims for which fees are recoverable and claims for which

they are not. <u>Tony Gullo Motors I, LP v. Chapa</u>, 212 S.W.3d 299, 311 (Tex. 2006). Since the record does not reflect what the plaintiff's attorney did for the breach of contract claim versus on the breach of fiduciary claim, a remand is required. *See id.* at 314.

## VIII. Failure to Segregate Attorneys' Fees by Time

The plaintiff was awarded attorneys' fees in the judgment. CR 75. Those fees were awarded for prevailing on a breach of contract claim. According to the plaintiff's attorney, he presented the claim for breach of contract to Appellant during the pendency of this lawsuit. 2 RR 79 at 9-11. He did not say when. *See* 2 RR 79.

Presentment is a prerequisite for recovering attorneys' fees for breach of contract. Tex. Civ. Prac. & Rem. Code § 38.002. Obviously, the attorneys' fees must have been incurred after the date of presentment. "The purpose of presentment is to allow the opposing party a reasonable opportunity to pay a claim without incurring an obligation for attorney's fees." <u>Brainard v. Trinity Universal Ins. Co.</u>, 216 S.W.3d 809, 818 (Tex. 2006). If the attorneys' fees are incurred before the date of breach and presentment, they are not recoverable. *See id.*

Here, the presentment was made after suit was filed, but no date was provided. *See* 2 RR 79. That makes it impossible to determine what fees were incurred before or after the date of presentment. The plaintiff's attorney did not segregate them out

39

himself. *See* 2 RR 78-79. He even included $504.82 of court costs in his calculation. 2 RR 78 at 24. Just as it is the attorney's duty to segregate fees between causes of action for which they are recoverable and those for which they are not, it was the plaintiff's attorney's duty to segregate fees incurred before the date of presentment and fees incurred after the date of presentment. *Cf.* Tony Gullo Motors I, LP v. Chapa, 212 S.W.3d 299, 311 (Tex. 2006). The remedy for failure to segregate is a new trial on the issue of attorney's fees. *Id.* at 314.

## PRAYER

Appellant respectfully prays that this Court render a take-nothing judgment; in the alternative, abate the appeal for the trial court to enter additional or amended findings of fact; or in the alternative, grant a new trial on the amount of attorneys' fees that should have been awarded.

Respectfully submitted,

SNOW E. BUSH, JR., P.C.
420 N. Center Street
Longview, TX 75601
Tel. (903) 753-7006
Fax. (903) 753-7278
E-mail: jonathanwharton1@sbcglobal.net
　　　/s/ Jonathan Wharton
By:_____
　　　JONATHAN WHARTON
　　　STATE BAR NO. 24075764

ATTORNEY FOR APPELLANT,
TONDA HARRIS HELMS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been delivered to Robert G. Hindman, counsel for appellee, on this the 12th day of February, 2015.

/s/ Jonathan Wharton

JONATHAN WHARTON

## CERTIFICATE OF COMPLIANCE

I hereby certify that the Appellants Brief (as measured under Tex. R. App. P. 9.4(i)(1)) contains 7,872 words as counted by Microsoft WordPerfect on this the 12th day of February, 2015.

/s/ Jonathan Wharton

JONATHAN WHARTON

NO. 12-14-00280-CV
_____

IN THE COURT OF APPEALS FOR THE TWELFTH DISTRICT, TYLER,
TEXAS
_____

**TONDA HARRIS HELMS**
*Appellant,*
v.
**MARY FRANCES SWANSEN**
*Appellee.*
_____

On Appeal from Cause No. 62,602-A
In the County Court at Law #2 in and for Smith County, Texas
Honorable Randall Lee Rogers, Presiding Judge
_____

**APPENDIX TO APPELLANT'S BRIEF**
_____

Final Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab 1

Findings of Fact and Conclusions of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab 2

# TAB 1

# CAUSE NO. 62,602-A

| MARY FRANCES SWANSEN | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | AT LAW #2 ~~FILED~~ |
| | § | |
| TONDA HARRIS HELMS | § | |
| Defendant | § | SMITH COUNTY, TEXAS |

FILED
AT LAW #2
CLERK, COUNTY COURT AT LAW #2
AUG 13 2014
SMITH COUNTY, TEXAS
BY _____ DEPUTY

## FINAL JUDGMENT

A trial in this cause was commenced on June 23, 2014.

Plaintiff Mary Frances Swansen appeared in person and through her attorney of record, Robert Hindman and announced ready for trial.

Defendant Tonda Harris Helms appeared in person and through her attorney of record, Taylor J. Harris, and announced ready for trial.

No jury having been requested by either party, all issues of law and fact were tried to the Court.

The court finds that as a result of the existence and subsequent breach of the contract existing between the Plaintiff and the Defendant, the Plaintiff sustained damages, and is therefore entitled to the following judgment relief.

IT IS THEREFORE HEREBY ORDERED, ADJUDGED and DECREED that Plaintiff Mary Frances Swansen shall have and recover JUDGMENT against Defendant Tonda Harris Helms as follows: The transfer of the title to that certain park model home ( more specifically identified as that 2006 park CT home VIN #1A9BE36316AAPH231) which was effected as the result of the actions of the Defendant Tonda Harris Helms is set aside and it is ORDERED that

Cause No. 62-602-A
Swansen vs. Helms
Final Judgment
Page | 1

Page 74

the title to such park model trailer is hereby changed, reformed and should be reissued to Mary Frances Swansen.

In light of the fee arrangement and contract between the Plaintiff and her counsel in accordance with the testimony IT IS FURHTER ORDERED ADJUDGE AND DECREED that such title of record as maintained by the State of Texas shall be reformed and reissued so as to additionally reflect a lien in favor of such counsel, Robert Hindman.

It is further ORDERED, ADJUDGED AND DECREED that the Plaintiff, her agents or employees may enter upon the property of the Defendant Tonda Harris Helms as many times as necessary to effectuate the removal of the said park model home, the disassembly and removal of the attached patio to such park model home and the disassembly and removal of the nearby carport, all of which are located on such real property. The storage building erected by the Plaintiff shall remain as an attachment to the said real property and shall not be removed by the Plaintiff or by her agents or employees.

In addition the court finds that the Plaintiff Mary Frances Swansen is entitled to recover her reasonable attorney's fees necessarily incurred from the Defendant Tonda Harris Helms and therefore Judgment in favor of the Plaintiff Mary Frances Swansen against the Defendant Tonda Harris Helms is hereby ORDERED, ADJUDGED AND DECREED for Plaintiff's her attorney's fees in the following amounts, which are hereby found to be reasonable:

(1)     Preparation and trial of the case: $ 11,443.67, to bear interest at the rate of 6 % per annum from the date this judgment is signed until paid.

(2)     In the event an appeal is commenced by the Defendant Tonda Harris Helms from the judgment of the trial court to the Court of Appeals, the additional sum of $10,000.00

(3)     In the event that a further appeal is commenced by the Defendant Tonda Harris Helms from the Court of Appeals by any means to the Texas Supreme Court, an additional sum

Cause No. 62-602-A
Swansen vs. Helms
Final Judgment
Page | 2

Page 75

of $10,000.00.

IT IS FURTHER ORDERED that all costs of court incurred by either party shall be awarded in favor of the Plaintiff Mary Frances Swanson and assessed against the Defendant Tonya Harris Helms.

IT IS FURTHER ORDERED, unless otherwise provided herein, post-judgment interest shall accrue on the amounts awarded hereinabove at the rate of 6% per annum from the date this judgment is signed until paid.

IT IS FURTHER ORDERED that any party in favor of whom judgment is awarded is entitled to enforce this judgment through abstract, execution and any other process necessary.

This judgment finally disposes of all parties and all claims and is appealable.

SIGNED on _____, 2014.

AUG 13 2014

RANDALL ROGERS, JUDGE
COUNTY COURT AT LAW #2
SMITH COUNTY, TEXAS

COUNTY COURT AT LAW #2

APPROVED AS TO FORM ONLY:

ROBERT HINDMAN
Attorney at Law
5620 Old Bullard Road, Suite 105
Tyler, Texas 75703
(903) 581-9960
(903) 534-0647 fax
State Bar No. 09684500
Attorney for Plaintiff

TAYLOR HARRIS
Attorney at Law
100 Independence Place, Suite 400
Tyler, Texas 75703
(903)
(903)    fax
State Bar No.
Attorney for Defendant

Cause No. 62-602-A
Swanson vs. Helms
Final Judgment
Page | 3

# TAB 2

FILED
KAREN PHILLIPS
COUNTY CLERK

2016 SP 26 AM 11: 35

SMITH COUNTY, TEXAS
BY _____
DEPUTY

CAUSE NO. 62,602-A

| | | |
|---|---|---|
| MARY FRANCES SWANSEN<br>Plaintiff, | §<br>§<br>§ | IN THE COUNTY COURT BY |
| V. | §<br>§ | AT LAW #2 OF |
| TONDA HARRIS HELMS<br>Defendant | §<br>§<br>§ | SMITH COUNTY, TEXAS |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In response to the request of Defendant, the Court makes and files the following as original Findings of Fact and Conclusions of Law in accordance with rules 296 and 297 of the Texas Rules of Civil Procedure.

### *Findings of Fact*

1. In January 2006 Plaintiff and Defendant entered into an oral contractual agreement via the exchange of mutual promises for the lease of a mobile home park space for Plaintiff's park model home in a mobile home park owned or managed by Defendant.

2 The said park model home was moved to the mobile home park space located at 15222 State Highway 64 West, Tyler, Texas 75704 in Smith County Texas

3. While the park model home was still located at such park space at a time less than four years before the commencement of the instant lawsuit when the parties entered into a valid oral contractual agreement via the exchange of mutual promises under which Defendant agreed to find a buyer for the park model home.

Cause No. 62-602-A
Swansen vs. Helms
Findings of Fact and Conclusions of Law
Page | 1

4. The court had jurisdiction and venue over the both the parties and subject matter involved because such contract for the purpose of procuring a buyer for such park model home was formed in and was fully performable in Smith County, Texas as the value of the said mobile home and the services in procuring a buyer for the same was within the jurisdictional limits of this court.

5. Defendant represented to Plaintiff that to facilitate the sale of the park model home pursuant to their agreement, Plaintiff should sign the title to the said park model home in blank, and leave such signed title in the possession and care of the Defendant, which Plaintiff did with the understanding that the Defendant would complete the application for title by adding the name of the buyer at the time when a buyer was located and payment therefor was received so as to transfer such title to such buyer.

6. In May 2010, after the conclusion of litigation in a justice court in Smith County, Texas which had resulted in a judgment unfavorable to Defendant, without the knowledge or consent of the Plaintiff, and without payment of any consideration, the Defendant breached the oral contract to hold such title until a buyer could be found.

7. In May 2010 the Defendant, unilaterally and without the payment of any consideration for the sale of such park model home, wrongfully affixed her own name to the application for title as Buyer and then remitted the title to the said park model home to the State of Texas further breaching such oral contract and resulting in the issuance of a new certificate of title by the state of Texas reflecting Defendant as owner.

8. That Plaintiff gave Defendant the proper notices and demands necessary under the statute to invoke the provisions of Tex Civ Prac and Rem Code Sec. 38.001 *et seq.* regarding the recovery of reasonable attorney's fees in cases based upon the breach of an oral contract.

Cause No. 62-602-A
Swansen vs. Helms
Findings of Fact and Conclusions of Law
Page | 2

Page 103

9. That it was necessary for Plaintiff to retain the services of an attorney in order to protect her rights under the said oral contract for the sale of the park model home.

10. That a reasonable fee for the services of the attorney rendered in the protection of the rights of Plaintiff under the oral contract was as follows:

(a). Preparation and trial of the case: $ 11,443.67

(b). In the event an appeal is commenced by the Defendant Tonda Harris Helms from the judgment of the trial court to the Court of Appeals, the additional sum of $10,000.00.

(c). In the event that a further appeal is commenced by the Defendant Tonda Harris Helms from the Court of Appeals by any means to the Texas Supreme Court, an additional sum of $10,000.00.

11. That the testimony of the Defendant as was given at trial was not as reliable as the testimony of the Plaintiff as was submitted and that of the other witnesses testifying on behalf of the Plaintiff as exemplified by Defendant's testimony in support of her counterclaim for lot rental fees in which Defendant had forgotten that Plaintiff had paid an entire years rental fees which had been sought in such counterclaim as well as the testimony of the Defendant that she put her own name on the title after the Justice Court case in order to "protect myself."

12. That Defendant's counterclaim for lot rental payments should be in all things denied.

13. That the wooden deck and metal car port were additionally considered to be a part of the property made the subject of the oral contract between the parties which Defendant undertook to sell for Plaintiff and that upon breach of the contract by the Defendant the possession of both such removable structures should be accorded to the Plaintiff.

14.    That the storage building erected on the real property by the Plaintiff comprised a permanent structure and thus became a part of the real property of the Defendant and therefore should not be removed by the Plaintiff.

### Findings of Fact as Conclusions of Law

Any finding of fact that is a conclusion of law shall be deemed a conclusion of law.

### Conclusions of Law

1.    The court finds that as a result of the existence of the oral contract between the parties and the subsequent breach of the contract by the Defendant, the Plaintiff sustained damages, and is therefore entitled to judgment relief in the form of a reformation of the title of the said park model home to reflect Plaintiff as owner as well as the return of possession of such park model home together with the deck attached to the park model home and the metal car port which were also the subject of such oral contract.

2.    In light of the contingent fee arrangement and contract between the Plaintiff and her counsel such title of record as maintained by the State of Texas should be reformed and reissued so as to additionally reflect a lien in favor of such counsel, Robert Hindman on such reissued title.

3.    That Plaintiff is entitled under the law to judgment for the recovery of reasonable attorneys fees necessarily incurred on her behalf in this action as a result of Defendant's breach of the oral contract in the following amounts:

(a).    Preparation and trial of the case: $ 11,443.67

(b).    In the event an appeal is commenced by the Defendant Tonda Harris Helms from the judgment of the trial court to the Court of Appeals, the additional sum of $10,000.00

(c).    In the event that a further appeal is commenced by the Defendant Tonda Harris Helms from the Court of Appeals by any means to the Texas Supreme Court, an additional sum of $10,000.00.

4.    That in light of the breach of the oral contract by the Defendant all costs of court incurred by either party should be awarded in favor of the Plaintiff Mary Frances Swanson and assessed against the Defendant Tonya Harris Helms.

5.    That post-judgment interest shall accrue on the amounts awarded hereinabove at the rate of 6% per annum from the date of judgment until paid and should be assessed against the Defendant.

SIGNED on _____ SEP 25 2014 ____, 2014.

_____
RANDALL ROGERS, JUDGE
COUNTY COURT AT LAW #2
SMITH COUNTY, TEXAS

COUNTY COURT AT LAW #2

**ORDER PREPARED BY:**

ROBERT HINDMAN
Attorney at Law
5620 Old Bullard Road, Suite 105
Tyler, Texas 75703
State Bar No. 09684500
Telephone: (903) 581-9960
Facsimile:  (903) 534-0647
ATTORNEY FOR PLAINTIFF

Cause No. 62-602-A
Swanson vs. Helms
Findings of Fact and Conclusions of Law
Page | 5